## German Evangelical Congregation *v.* H. Pressler.

Courts of justice cannot regard the wishes of the majority of the members of a corporation, unless expressed in a valid form, in conformity with the bye-laws and charter.

APPEAL from the Sixth District Court of New Orleans, *Howell, J.* *G. & C. E. Schmidt* and *E. Hiestand*, for plaintiff and appellant. *Durant & Hornor*, for defendant.

Merrick, C. J. The present appeal is taken by the plaintiffs from a judgment upon a rule dismissing the suit. The question turns upon the validity of a supposed resolution of the society ordering this suit to be discontinued.

It appears to be conceded by plaintiffs' counsel, that the corporation can be bound by a joint resolution of the council and congregation. The resolution said to have the effect of discontinuing the suit was passed under the following circumstances:

Under the bye-laws of the corporation, the council (who seem to be the detainers of the powers of the corporation, and consist of seven persons,) are elected by the vote of the members of the congregation, upon the nomination of the council going out of office. The old council are to nominate not less than fourteen persons, and not more than twenty-one, out of whom the seven councilmen or wardens for the ensuing year are to be elected. The officers of the church council are

a president, secretary and treasurer. These officers are required to be present at the meetings of the church council and congregation.

A meeting having been called by the president, in accordance with the by-laws, for the election of a new council, or board of wardens, to take place on the 28th day of November, 1858; and having assembled accordingly, the president proceeded to organize the meeting and announce that it was held for the purpose of an election.

Some members insisted upon passing some resolutions previous to the election. *Kaiser*, the president, declared them out of order. An appeal was made to the congregation, who decided in favor of the resolutions. The council, it seems, continued intent upon proceeding with the election, and received some votes. Much disturbance then arose. *Kaiser*, the president, directed some police officers, whose presence he had procured, to arrest certain persons disturbing the congregation. They paid no attention to his request. Presently, *Pressler*, the defendant, came in, and at the instance of some in the congregation, he directed the police officers to arrest *Kaiser* and the other officers of the council, with one or two of the councilmen, making five in all. The latter took with them the books of the corporation, and were locked up at the guard-house by the police. The congregation then, in the absence of the old board, proceeded to organize the meeting and passed the resolution directing the discontinuance of this suit. They also elected a new board of councilmen or wardens.

On a writ of *quo warranto* issued at the instance of the old board, the new election was declared to be illegal.

The District Judge being of the opinion, that the resolution was in accordance with the wishes of a large part of the congregation, directed the dismissal of the suit, and the plaintiffs appeal.

The suit having been regularly instituted, cannot be dismissed without a resolution *of the corporation*. The congregation alone, under the by-laws and charter, have no such power. A majority of the council must be present, and the resolution must be entered by the officers of the council upon the books of the corporation. When, therefore, the president and members of the council were illegally removed, there were no persons present to conduct the election, or to give validity to the resolutions of the congregation. The *conclusum universitatis* was wanting. It is quite clear, that the paper circulated among the members of the corporation and signed by the members, however numerously, cannot supply the place of a *resolution* which can only be passed by the corporators organized as a body, in conformity with the by-laws and charter.

However unprofitable this sort of litigation may be, the courts cannot regard or know the wishes of the majority, unless expressed in a valid form. See the case of *St. Mary's Church,* 7 S. & Rawle, 530.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this case be remanded to the lower court for further proceedings according to law, the defendants paying the costs of the appeal.