## ST. MARY BENEV. ASS'N OF ST. CHARLES PARISH v. MT. ZION BAPTIST CHURCH, et al. et al.

### No. 14078.

Court of Appeal of Louisiana. Orleans.
Nov. 14, 1932.

Frymire & Ramos, of New Orleans, and Chas. S. Lagarde, of Luling, for appellants.

C. A. Buchler, of Gretna, for appellee.

JANVIER, J.

The St. Mary Benevolent Association of St. Charles Parish was incorporated by special act of the Legislature of Louisiana in 1873 (Act No. 61).

The petition which purports to have been authorized by a resolution of "the members" of the association declares that the said benevolent association is the owner of certain described property; that John Anderson and Amelia Blue, two of the defendants, without any right or authority to represent the said association, but appearing as its authorized representatives, executed a notarial act of sale by which they, for and on its behalf, attempted to sell the said property to the Mount Zion Baptist Church, the third defendant, for the sum of $250.

Alleging the said sale to be an absolute nullity or, in the alternative, that the property was worth more than $1,000, and that, therefore, there was lesion beyond moiety, petitioners pray that the said sale be annulled.

In the district court judgment was rendered as prayed for.

Defendants charge that the petition was not authorized by the St. Mary Benevolent Association. Other defenses appear, but we need only consider this one as it is sufficient to defeat this action in its present form.

The petition does not allege that the corporation appears through any of its officers. If the suit had been brought through the president, vice president, or manager, then possibly under the provisions of section 16 of Act No. 267 of 1914, defendants could not have set up as the defense the want of legal authority on the part of such officers, because, in that section it is provided:

"That the president, vice-president or manager of any corporation organized under the laws of Louisiana, or of a foreign corporation, doing business in this State, shall have power in the name and in behalf of the corporation to authorize the institution of any suit and other legal proceedings, and no exception of want of authority shall lie on the part of any defendant."

Suits on behalf of corporations are usually authorized by resolution of a governing board, though we see no reason why such authority may not come from a resolution of the members adopted at a general meeting. But here, although it is alleged that the suit was so authorized, the admitted fact is that no meeting was held and no resolution was actually adopted. The proof shows that no meetings had been held for many years and, in fact, it is evident that no one now living knows who are the present members of the association.

Conceding that the motive which prompted those who attempted by this suit to annul an alleged unauthorized disposition of the association's property was pure and unselfish, still we cannot see, without any showing of authority from the corporation or from its officers or from its governing body, that those who caused these proceedings to be filed have any right whatever to appear in court in the name of the corporation.

Even if a majority of the living members had felt that the suit should be brought, it could not be entertained until the wish of the majority had been put into concrete form by resolution formally adopted at a meeting for "Courts of justice cannot regard the wishes of the majority of the members of a corporation, unless expressed in a valid form, in con-

formity with the by laws and charter." German Evangelical Congregation v. Pressler, 14 La. Ann. 799.

■ If individuals in the minority feel that their rights have been denied them, then they may assert those rights, but not as the representatives of nor in the name of the corporation itself.

It is intimated that if this suit cannot be filed in its present form no remedy may exist.

If, because of the fact that so many members have died, it is difficult to obtain from the corporation action on the suggestion that a proper suit be filed, then possibly ingenious counsel can suggest some method of procedure such as reorganization, liquidation, receivership, or something of that kind, for it seems preposterous that because the membership of an association has been depleted by death, no remedy is left to those remaining who wish to protect the association from others who may desire to take advantage of such condition. But whatever may be the remedy, it cannot come as the result of a suit which is entirely unauthorized.

The judgment appealed from is annulled, avoided, and reversed, and the suit is dismissed as in case of nonsuit.

Reversed.