Clemens vs. Meyer et al.

No. 10,874.

J. W. CLEMENS, CURATOR, VS. V. A. AND S. MEYER ET AL.

Plaintiffs and defendants having traced their title to a common author, can not question the validity of their title.

The American state papers published by order of Congress and the copies which they contain of legislative and executive documents are admissible in evidence.

To maintain the prescription of thirty years the intention of possessing as owner and the corporeal possession of the thing must be proven.

To maintain the prescription of ten years there must be a title received from one the possessor honestly believed to be the real owner.

APPEAL from the Eighth District Court, Parish of Madison. Montgomery, J.

Stone & Murphy for Plaintiff and Appellee:

Minor heirs become vested with all rights of possession, etc., upon the death of their parents, the law accepting the succession for them. C. C. 940 to 947-977; 12 R. 266; 23 An. 447.

The plea of ten years' prescription must have for its basis a title translative of property, at least ten years old. C. C. 3479.

To support the plea of thirty years' prescription, the party claiming under it must show with legal certainty an uninterrupted, continuous possession as owner for the time necessary to prescribe. C. C. 3500; 39 An. 1033; 1 R. 556.

Where one purchases an undivided interest in lands from the administrator of a succession or from an heir, he thereby recognizes the title of the succession from which he purchases and of the other heirs to the remaining interests, and he can not prescribe against the heirs with whom he holds as co-proprietor. "Joint owners can not acquire title against each other by prescription." Simon et al. vs. Richard et al., 42 An. 842.

Prescription of ten years or of thirty years does not run against minors; and if running against the ancestor at his death becomes suspended in favor of the minor during minority. C. C. 3522, 3554; 38 An. 216; 39 An. 405; 10 An. 576; 6 An. 109; 13 An. 340; 11 An. 601; 10 An. 575; 7 An. 146; 12 An. 97; 23 An. 447; 11 La. 61; 10 M. 287; 9 La. 379; 11 R. 529.

Charles J. Boatner for Defendants and Appellants.

The opinion of the court was delivered by

BREAUX, J.   Plaintiffs brought this petitory action to recover from the defendant the HALF of the east half section No. 3, in township No. 15, north of range 12, east.

They are the children of Horace Groves, who, with his brother Elijah, inherited from Moses Groves and wife.

Clemens vs. Meyer et al.

One of the plaintiffs was born on the 26th January, 1853, and died on the 29th July, 1884; the other was born on the 6th day of March, 1854.

In April, 1830, Rachel Rundell and others sold a tract of land to Moses Groves containing 160 acres.

In the deed the land is described as part of the land entered by Chiliab Smith.

On the 14th day of August, 1830, Sydney M. Smith sold to the same purchaser, Groves, another tract, also containing 160 acres.

This completes the title of Moses Groves to 320 acres.

The defendants are the owners of Araby plantation in the parish of Madison.

Since many years the lands in controversy have been cultivated as part of that plantation.

J. W. Fisk, defendant's author, purchased from Elijah Groves, in 1860, an undivided one-half interest in the east half of section 3.

The deed contains declaration that the half section contains 320 acres.

The most ancient title to Araby plantation dates from the year 1850—thirty-eight years prior to the institution of this suit.

In the deed of that date H. Nutt was the vendor and Mrs. Urquhart the vendee.

No description in that deed includes the land claimed. The sections and other subdivisions make no mention of any portion of section 3.

It is next in order proven that in June, 1870, J. W. Fisk sold one-half of this plantation to D. Urquhart.

The land in controversy was not described in this deed.

On the 18th day of November, 1870, Urquhart sold to Mrs. E. W. Fisk the undivided half of the east half of section 3.

On the 19th day of April, 1872, Mrs. E. W. Fisk sold to Urquhart the one-half of the east half of section 3, containing 320 acres.

In 1882 all the lands were sold to the defendants and completely described as belonging to the defendants. Then, for the first time, the east half of section 3 is described in its entirety as the property of the defendants.

But Urquhart, their author, owned only the one-half of the east half of section 3, which he had bought from Fisk, and, therefore, could not transfer the entire half of that section.

J. W. Fisk did not purchase a larger area from Groves than the one-half of the east half.

Defendants' answer is a general denial, and the prescription of thirty (30) years and of ten (10) years is pleaded.

With reference to the former prescription, it will not be denied that to maintain it, the intention of possessing as owner must be proven and the corporeal possession of the thing.

It is not shown that the possession of this land by the successive owners of Araby plantation has been continuous. It is established by the testimony that at times the owners of this plantation cultivated the land in controversy, but it is not proven that they exercised the right of ownership over it; or ever in any manner claimed to be the owners, or did anything showing the intention to possess as owners.

The immediate predecessor of the defendants, Urquhart, testifies that he possessed the east one-half of section 3; occupied and cultivated it by right of ownership as per act of sale. This purchase to which he refers, witness testifies, was in 1870. He does not state that this possession as owner preceded 1870. He is the only witness who has testified with reference to acts of ownership, such as contemplated by Article 3436, to enable a party to maintain the prescription of thirty years. Another witness, Zeigler, testifies that he has known the property about thirty years.

When he knew it first, about thirty years ago, it was cultivated by the owner of Araby plantation.

We are not informed by him that the cultivation was that of an owner, even of the crop, or of one known or looked upon as the owner, nor that the owners of that plantation have since cultivated this land or claimed to own it.

Another witness, Stanbrough, testifies that the land now claimed was in the plantation enclosures after the purchase of J. W. Fisk. The deed of purchase dates from 1852. It is not shown how long it was after the sale.

This witness afterward states that the land was cultivated by Nutt, who was the vendor to Fisk. He only knows of the cultivation.

These are the facts submitted to prove the intention of possessing as owner and the consequent ownership of the realty.

The defendants also plead the prescription of ten years.

After a study of the records we have not found any title in de-

fendants, or their authors, prior to 1882. Title, good faith and possession must concur to maintain this plea.

The question of good faith and possession does not arise, as there is no title upon which to base that prescription.

We will not return to propositions already considered, to show why we reach the conclusion that defendants have no title prior in date to 1882.

It suffices, at this time, to state that in selling and transferring the one-half of the east half, it did not include the entire one-half section.

The plea of prescription of thirty years must be overruled; the evidence not having established the condition required from a date sufficiently remote.

The prescription was suspended during the minority of plaintiffs.

The prescription of ten years or of thirty years does not run against minors. C. C. 3522, 3554.

One of these minors was a minor nineteen years, the other twenty years after their father's death.

The time necessary to bar their claims is therefore forty-nine years as to one, and fifty as to the other.

It is also objected that plaintiffs have failed to prove title from the government.

The evidence offered, the American State Papers, Vol. 2, to show title in Chileab Smith, the transferee of the United States government, but rejected by the court, should have been admitted to prove the right of plaintiffs' author as grantee. It is legal evidence. Watkins vs. Holman, 16 Peters, 55; Dutillet vs. Blanchard, 14 An. 97.

It is properly before us by bill of exceptions and will be considered.

In addition, the defendants] trace their title to E. W. Groves, the co-heir of plaintiffs' father, under which they claim the whole tract.

Their author was Moses Groves, also plaintiffs' author.

We have already stated that in 1860 defendants' author, J. W. Fisk, bought from E. W. Groves. They therefore each trace title to the same author.

It is held as settled if the parties trace their title to the same source neither will be permitted to attack the title of their common author. Girault vs. Zuntz, 15 An.

Defendant having no right except such as one derived from E. W. Groves, is a privy thereto and bound by its recitals equally with the author.   Greenleaf on Evidence, Sec. 23.

The defendants also contend that the *locus in quo* is not proven.

That, if it be admitted that a confirmation was made to Chileab Smith of the whole of section 3, that 360 acres of the section were sold to plaintiffs' ancestor and that plaintiffs' right is not barred, there is still nothing to show that they have acquired any right to the east half of the section.

The deed of sale by Sidney M. Smith to Moses Groves describes part of the land as containing 160 acres, and refers particularly to Certificate 1499, granted to Chileab Smith by the commissioner.

The boundaries are also given. They correspond with the description and boundaries given on the plat in evidence.

The plat locates Section 3, and the boundaries set forth in the deed locates the land in controversy as being in that section.

We therefore conclude that one-half of the east half is the property of plaintiff, viz., 160 acres.

That the prescription of thirty years is not a bar, for the reason that the intention to claim as owners is not made evident by the facts proven.

That the prescription of ten years is unavailing, as defendants' title does not date ten years prior to the institution of the suit.

That the plaintiffs and the defendants own jointly the east half of section 3, once owned by a common author.

That the *locus in quo* is proven.

Judgment affirmed at plaintiffs' costs.