RIVERA ET AL., PLAINTIFFS AND APPELLANTS, *v.* JUNCOS CENTRAL COMPANY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action of Ejectment.

No. 2688.—Decided December 12, 1922.

OWNERSHIP—PRESCRIPTION—POSSESSION.—In Porto Rico in order that a person may acquire the ownership of a property by extraordinary prescription, it is necessary that he and his predecessors ·in interest acquired and held the possession in the capacity of owners.

The facts are stated in the opinion.
*Messrs. R. López Antongiorgi* and *R. Guillermety* for the appellants.
*Mr. F. González* for the appellee.
MR. JUSTICE WOLF delivered the opinion of the court.

The complainants are the heirs of José Rivera Carrión and they sought to prove that the defendant, The Juncos Central Company, was in possession of a piece of land which belonged to their ancestor and consequently descended to them.

After the trial the district court found that the property in possession of the defendant was the same that the complainants sought to revendicate. The defendant as appellee in this court said that the identity of the land was not established, but the finding of the court as well as the proof establishes this fact in favor of the complainants.

The district court rendered judgment for the defendant apparently on two grounds. First, that the complainants did not justify or prove their possession of the land and second, that extraordinary prescription of thirty years had run in favor of the said defendant. The court found, and the proof tended to show, that the ancestor acquired this land in 1872; hence the ordinary presumption of continuity would place the title in the complainants. *Fulladosa v. Castro,* 27 P. R. R. 644; *Gandía v. Porto Rico Fertilizer Co.,* 28 P. R. R. 519; and the civil possession would necessarily follow. Also the complainants gave testimony tending to show that they were in possession, although, given their title and civil possession, the complainants did not have to show the physical possession of the land. Anyone claiming adverse to them would have to show title in himself.

This the defendant attempted to do. It showed transfers from a person in possession and whose possession dated back more than thirty years. The complainants insist that this person was a mere tenant, or one who held under the complainants. We need not base our decision on the correctness of this position of the complainants because the proof failed to show the nature of the possession of the person from whom the defendant claimed title. Practically nothing was shown except that this person was on the property many years before, cultivating it. There was no proof that this person possessed the property adversely or as an owner. Perhaps a quotation from 2 C. J., page 125, will make this clearer:

"With the exception of a limited number of decisions in which language is used from which a contrary rule might be inferred, and of a few others based on special statutes, the decisions are practically unanimous to the effect that claim of ownership or title is essential to the acquisition of title by adverse possession. As otherwise expressed it is the intention to claim title which makes the possession adverse. No matter how continuous, exclusive, and hostile to the true owner the possession may be in appearance, it can-

not be effectually adverse unless accompanied by the intent on the part of the occupant to make it so. To say that the possession must be hostile 'is equivalent to saying that it must be under a claim of right.' Nevertheless this principle must not be so extended as to contravene another principle applicable to adverse possession 'that a party may claim adversely, although he knows that his title is defective, but he must claim a right to the land.'

"*Reason for Rule.*—The reason on which the rule is based has nowhere been more clearly stated than in an opinion of the Supreme Court of the United States. 'Possession, per se,' it was said, 'evidences no more than the mere fact of present occupation by right; for the law will not presume a wrong; and that possession is just as consistent with a present interest, under a lease for years or for life, as in fee. From the very nature of the case, therefore, it must depend upon the collateral circumstances, which is the quality and extent of the interest claimed by the party; and to that extent, and that only, will the presumption of law go in his favor.' "

The principal test, or the possession as true owner, is equally the rule in Louisiana. *Clements* v. *Meyer*, 44 La. Ann. 390; *Simon* v. *Richard*, 42 La. Ann 842; *Stille* v. *Shull*, 41 La. Ann. 816; *Spivey* v. *Wilson*, 31 La. Ann. 653.

That a person must possess with the idea of ownership is the law in Porto Rico. Section 449 of the Civil Code. See also *Calvet et al.* v. *Martin et al.*, 29 P. R. R. 602.

Nor does the proof in this case satisfy us as to an uninterrupted possession as required by section 1860 of the Civil Code. The possession seemed to be for a limited period.

The defendant can not rely on its purchase from one whose title was recorded because the complainants' title was first recorded. Sections 33 and 34 of the Mortgage Law. *Ayllón et al* v. *González et al.*, 28 P. R. R. 68, and cases cited. *Menéndez* v. *Cobb et al.*, 28 P. R. R. 729; *Heirs of Torres* v. *Torres*, 29 P. R. R. 849; *King* v. *Fernández et al.*, 30 P. R. R. 550.

There was a prayer in this complaint asking that complainants be declared the heirs of their alleged ancestor.

Who are the complainants who have justified their right to be declared such heirs, is a fact that under the state of the record should be determined by the court below.

The judgment must be reversed and the case sent back for further proceedings not inconsistent with the foregoing opinion.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.