BRUNOT, J.
This is a petitory action. From a judgment recognizing plaintiff as the owner of the property described in the petition, placing him in possession thereof, and reserving to him the right to recover from defendant for the rents, revenues, and occupancies of the property, the defendant has appealed. After the appeal was filed in this court, the plaintiff died, and the Commercial National Bank of Shreveport acquired the right, title, and interests of the decedent and his succession in and to the property involved in this suit, and oh the 30th day of January, 1924, it was substituted by this court as the party plaintiff herein.
The land sued for is lot 3, section 4, township 1Y, range 14 west, and a portion of lot 4 of the same section, township, and range, in Caddo parish. These lands are the fractional S. E. ^ of N. W. % and the northern part of fractional N. E. % of S. W. % of section 4, township 1Y, range 14 west, no part of which is east of the north and south center line of the section, and plaintiff’s title to these lands is not disputed.
*662 The defendant asserts title to the N. E. % of N. E. % and part of N. % of S. E. % of the section. These lands are on the opposite side of the center line of the section from the lands claimed by plaintiff. Defendant alleges that he and his ancestors have been in possession of the land described in his answer for inore than 30 years, .and he pleads the prescription of 10 and 30 years. There is no allegation in the answer that defendant has ever been in possession of the land described in the petition and claimed by the plaintiff, or that defendant asserts'any title thereto. The pleadings present an unusual and remarkable situation, and the only question for consideration seems to be whether the defendant can go beyond his title and beyond the allegations of his answer and establish a prescriptive title to the land sued for by showing actual, open, and uninterrupted possession thereof for 30 years. If he can do so, the question is one of fact, and the burden of proving it is upon the party pleading it. Our learned brother of the lower court in his reasons for judgment correctly says:
“To maintain the plea of prescription of 30 years acquirendi causa, there must be corporeal possession in the beginning which must be continued, or else the possession must be preserved during the entire period by external and public signs announcing such possession and the intention to possess, and this rule applies with equal force to swamp as to other lands.” Ramos Lumber & Manufacturing Co. v. Sanders, 117 La. 615, 42 South. 158.
We have read the evidence carefully and have weighed the testimony given by Henry Fetzer, George Woodward, E. B. Herndon, W. B. Martin, Joe Stewart, Mrs. Boanno, and Fred Boanno for the defendant, as well as that given by George R. Wilson, Albert Alexander, Spence Flournoy, Yol Clay, Tom Wynn, Sam Chandler, and Bob Howard for the plaintiff; and we are of the opinion that the district judge, who knew the witnesses and who saw and heard them testify, was in a better position to accurately determine their credibility and the weight to be given their testimony than this court, and therefore his conclusions of fact should not be disturbed.
The abstracts filed in the record show a good title in plaintiff to the land involved in this suit and’that defendant has no title to any part thereof.
For these reasons we are of the opinion that the judgment of the lower court is correct, and it is therefore affirmed at appellant’s cost.