No. 3803

Second Circuit

FROST LUMBER INDUSTRIES, INC., v. BLUFORD

(June 2, 1930. Opinion and Decree.)

H. G. Fields, of Farmerville, attorney for plaintiff, appellant.

B. K. Watson, of Marion, attorney for defendant, appellee.

DREW, J. Plaintiff, claiming to be the owner of the following described lands situated in Union parish, La., viz: N. E. ¼ of S. E. ¼, section 34, and S. E. ¼ of N. E. ¼, section 34, and S. W. ¼ of N. W. ¼ and N. W. ¼ of S. W. ¼, section 35, all in township 22 north, range 2 east, including all timber standing and growing thereon, sued defendant for damages resulting from the trespass of defendant upon said land and cutting timber thereon and removing it, in the sum of $250, with legal interest from judicial demand. It alleges that the act of cutting and removing the said timber by defendant was done willfully, maliciously, unlawfully, and against plaintiff's consent, permission, or approval.

Plaintiff further alleges that defendant has gone upon said land of plaintiff and fenced part of it described as N. W. ¼ of S. W. ¼, section 35, township 22 north, range 2 east, and is engaged in farming and cultivating it; and that defendant has also taken possession, fenced, and is cultivating a portion of said N. E. ¼ of S. E. ¼, section 34, same township and range, which land so possessed, fenced, and used, is worth $400. All of the alleged acts of trespass, plaintiff alleges, have damaged it in the sum of $250, for which it prays for judgment, with legal interest from judicial demand. It also prays to be declared the owner of all the above-described land and to be restored to possession of that portion which defendant has in possession.

Defendant admits that he has cut timber on the N. E. ¼ of S. E. ¼ of section 34, township 22 north, range 2 east, which forty acres he claims to own and to have been in possession of "continuously, physically, uninterruptedly, peaceably, undisturbed, publicly, undisputed, notoriously and unequivocably" for a period of thirty years; that his possession has been in good faith and under the bona fide belief that he was the owner and possessor by legal title of the said forty acres of land, and pleads his said possession in bar of plaintiff's action; he denies all the other allegations of plaintiff's petition specifically.

The learned judge of the lower court has rendered a well-prepared, written opinion in this case, and, in so far as it applies to the timber cut on the three 40's not claimed by defendant, we adopt it as the opinion of this court:

"According to plaintiff's estimate of the timber cut on the entire tract of one hundred and sixty acres of land, as per testimony of plaintiff's witnesses, the quantity in foot measurement is fixed at forty-eight thousand feet, or the equivalent of nine hundred and sixty-four cross-ties. And according to the testimony of plaintiff's witnesses, the forty acres claimed by defendant has eleven and a half acres in timber, which is not fenced in, and the remainder of the forty is under fence and in cultivation, or a portion of it in cultivation. The timber was cut on the part not under fence. Further testimony for plaintiff shows that one hundred and fifty-one trees were cut on the N. E. ¼ of S. E. ¼, Sec. 34 (the forty acres claimed by defendant as owner) cut in 1925 and 1926, and thirty-nine trees cut in 1928; on S. E. ¼ of N. E. ¼, Sec. 34, twenty trees were cut in 1925 and 1926, and ten trees cut in 1928; on S. W. ¼ of N. W. ¼, Sec. 35, ten trees were cut in 1925 and 1926; and on N. W. ¼ of S. W. ¼, Sec. 35, ten trees were cut in 1925 and 1926. Plaintiff first learned of the cutting of said timber about two months before this suit was filed.

"Plaintiff's witnesses estimate that the part in cultivation of the land claimed by defendant had been farmed sixty or seventy-five years ago, but no sign of fence or enclosure within the last fifty years. The testimony of plaintiff's witnesses shows conclusively that quite a lot of timber had been cut on the one hundred and sixty acres

described, in the forties adjoining the forty claimed to be owned by defendant and very close to it; but the serious difficulty encountered in considering the said testimony is, who cut the timber? Defendant admits cutting the timber on the forty acres claimed by him, but denies that he cut any timber on any of the other forties. Plaintiff's witness, W. F. Addison, testified that John Bluford, defendant, admitted to witness that he (Bluford) cut the timber, but Bluford denies this on the witness stand, stating that he admitted cutting the timber on the forty acres claimed by him, and that only. No other witness testifies to Bluford having admitted cutting the timber on the other three adjoining forties. Bluford admits on the witness stand that he cut the timber on the forty claimed by him, but denies cutting any of the timber cut on either of the other forties. And that is the way the evidence stands on the question of who cut the timber.

"With the evidence standing this way, it is impossible to determine with any degree of certainty who cut this timber on the three forties adjoining the forty claimed by Bluford. It may be true, as contended by plaintiff, that Bluford cut it; and it is a very suspicious fact supporting that conclusion that the timber claimed to have been cut on these three forties was cut right up against the lines of the forty Bluford claims to own, and, apparently, not very far from Bluford's house, from which it would appear that he would know who did cut it, if he did not himself do it; but he testifies most emphatically that he neither cut it himself, nor knows who did it. Of course, it is possible for him to be telling the truth in this statement. His manner of testifying did not convince the court that he was lying, and the court would be stretching its discretionary authority to so conclude, and, hence, declines to do so.

"The law imposes the burden upon the plaintiff of making his case certain by the introduction of competent, sufficient and satisfactory testimony, or evidence. A probable case will not suffice. Plaintiff has not done this, insofar as proving who it was that cut and removed plaintiff's timber from the three forties adjoining the forty

claimed by defendant. The fact of the cutting and removal and the consequent damage to plaintiff is fairly well established, though not with the certainty, in dollars and cents, that could have and should have been done, considering the fact that the court is expected to render judgment for a definite and fixed sum, if for anything at all. This, of course, is intended to apply to the trespass upon the timber cut and removed from the three forties not claimed by defendant: the forty claimed by defendant is a different proposition, and calls for a different solution, as to timber as well as land."

The N. E. ¼ of S. E. ¼ of section 34 is claimed by defendant as owner, pleading as a basis of his title possession as owner for more than thirty years. Plaintiff has shown by deeds translative of property title back for many years, but has not shown any acts of possession. Defendant did not offer in evidence or claim to have any paper title to said 40 acres, relying solely on his actual corporeal, uninterrupted, and unequivocal possession as owner for more than thirty years.

Twenty-eight and one-half acres of the said 40 is under fence and is being cultivated by defendant. All of the testimony shows that defendant has had actual corporeal possession as owner of this part under inclosure for more than forty years; that his possession has been undisputed and undisturbed during that time. His plea of prescription of thirty years as to that part of the N. E. ¼ of S. E. ¼ of section 34, township 22 north, range 2 east, under inclosure, must be sustained and defendant declared to be the owner thereof. Article 3490, Revised Civil Code of Louisiana.

Defendant contends that his possession extends to the remaining 11½ acres that are not under fence as well as to the re-

mainder of the 40 under fence. His testimony is that forty or fifty years ago, when a small boy, he cultivated that part of this 40. His testimony is, however, very uncertain on that point. The preponderance of testimony is that the 11½ acres has not been cultivated in the last fifty years, and that it had grown up in pine timber that was fifty years old; that there was no vestige of a fence around this part of the 40, and the witnesses who had lived in the neighborhood for forty-five and fifty years testified that they never saw a fence around this part of the 40, nor do they remember it ever having been worked. Defendant does not claim that he has exercised any act of possession since he claims to have worked it forty or fifty years ago. He did not claim to use it for pasture or to take firewood from, or any act of possession of any kind.

"How favorable so ever prescription may be, it shall be restricted within just limits. Thus, in the prescription of thirty years, which is acquired without title, it extends only to that which has been actually possessed by the person pleading it." Rev. Civ. Code, art. 3503; Brewer vs. Y. & M. V. Ry. Co., 128 La. 544, 54 So. 987; Roussel vs. Ry. Realty Co., 132 La. 379, 61 So. 409, 833.

"To maintain the plea of prescription of 30 years acquirendi causa, there must be corporeal possession in the beginning, which must be continued or else the possession must be preserved during the entire period by external and public signs announcing such possession, and the intention to possess, and such rule applies with equal force to swamp as to other lands." Loeb vs. Fetzer, 155 La. 659, 99 So. 520.

"The principle that possession of a part of a tract is possession of the whole applies when the possession has been under title calling for the whole, and does not apply where the possession has been without title, in which case the possessor cannot acquire by prescription beyond the limits of actual occupancy." La. Land Co. vs. Blakewood, 131 La. 539, 59 So. 984.

To support the plea of thirty-year prescription, the defendant must show with legal certainty an uninterrupted, continuous possession as owner for the time necessary to prescribe. Rev. Civ. Code, art. 3500; Clemens vs. Meyer, 44 La. Ann. 390, 10 So. 797; Loeb vs. Fetzer, cited supra; Howell vs. Metropolitan Land Co., 127 La. 399, 53 So. 664.

"The possession necessary for this species of prescription, when it has commenced by the corporeal possession of the thing, may, if it has not been interrupted, be preserved by external and public signs, announcing the possessor's intention to preserve the possession of the thing, as the keeping up of roads and levees, the payment of taxes, and other similar acts." Rev. Civ. Code, art. 3501.

Defendant has failed to preserve his possession of this 11½ acres not under inclosure, if he ever had any possession. The plaintiff has paid the taxes on the entire 40, and same is assessed to plaintiff.

If defendant ever had any corporeal possession of the 11½ acres of this 40, he lost that possession by failure to exercise actual possession for ten years. Hanson Lbr. Co. vs. Riggs Cypress Co., 130 La. 772, 58 So. 567; Rev. Civ. Code, art. 3444.

Where adverse possession is without title, a person claiming under such possession cannot claim beyond inclosures. Ellis vs. Prevost, 19 La. 251; Richard vs. Poitevent & Favre Lbr. Co., 10 La. App. 608, 120 So. 235, 121 So. 357. The burden of proof to establish prescription rests on him making the plea. Chapman vs. Morris Bldg. & Land Imp. Ass'n, 108 La. 283, 32 So. 371. Defendant has utterly failed to overcome the burden that rests on him in so far as the 11½ acres is concerned.

The mere plowing of this land when a boy does not in itself prove possession by defendant as owner for himself, and he does not contend that his ancestors ever possessed it. The court said in the case of Clemens vs. Meyer, 44 La. Ann. 390, 10 So. 787:

"To obtain title by prescription of thirty years, the intention of possessing as owner, as well as the possession of the land must be proven, and it is not enough to show cultivation of the land."

For the past forty or fifty years defendant has done nothing to preserve in himself the actual possession of this tract of land. He has not paid taxes on it. He has not preserved any possession by external or public signs. He has not maintained any roads on it, and has exercised no more possession of this 11½ acres of land than he has of the other three 40's claimed by plaintiff in this suit, all of which are adjoining this tract.

In Hanson Lumber Co. vs. Baldwin Lumber Co., 126 La. 347, 52 So. 537, 539, the court said:

"Actual possession is the real or corporeal detention of property. Civ. Code, arts. 3434, 3442. The possessor must hold the thing 'in fact.' Civ. Code, art. 3487. Natural possession is that by which a man detains a thing corporeally, as by occupying a house, cultivating ground, or retaining a movable in possession. Civ. Code, art. 3428. Such a possession in its nature must be visible, open, and public."

The defendant's plea of thirty years' prescription in so far as it applies to the 11½ acres not under inclosure in the N. E. ¼ of S. E. ¼ of section 34, township 22 north, range 2 east, is overruled, and his demands to be declared the owner thereof are rejected; said property is decreed to be owned by the plaintiff herein.

Defendant admits cutting the timber on this 11½-acre tract, and the amount cut from it amounts to nineteen twenty-fourths of the whole amount cut. The evidence shows there was cut from all the land 48,000 feet of lumber of a value of $5 per thousand. It follows, therefore, that 38,000 feet were cut from this 11½ acres, at $5 per thousand, making $190, the amount due plaintiff by defendant. Without going into a long discussion, it is enough to say that we do not think defendant acted in bad faith in cutting the timber, and can only be bound for the value of the timber as standing timber, which was proven to be worth $5 per thousand.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, and that the plaintiff, Frost Lumber Industries, Incorporated, do have and recover judgment against the defendant, John Bluford, in the full sum of $190, with legal interest thereon from judicial demand until paid. It is further ordered, adjudged, and decreed that the plaintiff, Frost Lumber Industries, Incorporated, are hereby decreed to be the true and lawful owners of all that part of N. E. ¼ of S. E. ¼ of section 34, township 22 north, range 2 east, situated in Union parish, La., that is not under inclosure, being about 11½ acres, more or less. It is further ordered, adjudged, and decreed that John Bluford, the defendant, is decreed to be the owner of all that part of N. E. ¼ of S. E. ¼ of section 34, township 22 north, range 2 east, situated in Union parish, La., that he now has under inclosure, being 28½ acres, more or less, and that the possession of the said 11½ acres be restored in plaintiff. Costs to be paid by defendant and appellee.