RICHARDSON et al. v. MARTIN.
No. 2014.

Court of Appeal of Louisiana. First Circuit.

Oct. 4, 1939.

J. H. Inman, of Ponchatoula, for appellant.

Rownd & Tycer, of Hammond, for appellees.

LE BLANC, Judge.

This is a suit for damages for trespass by cutting timber on Lot 4 of Section 32 T. 8 S. R. 6 East, St. Helena Meridian, in the Parish of Livingston, claimed to have been owned by the plaintiffs as the heirs of Benjamin B. Cleneay. Two attorneys, Simpson H. Sharp and M. Carter Round have a contingent interest under a contract with the heirs of Cleneay, and are also parties plaintiff.

The petition sets out the interest of the plaintiffs as owners of the property and alleges that it recently came to their knowledge that Edward B. Martin, the defendant, had caused to be cut 184,000 feet of timber on the land; that he knew plaintiffs were the lawful owners thereof and that he acted in bad faith. It is alleged that the timber had a log value of $10 per thousand. In the alternative, plaintiffs aver that if no bad faith is shown on the part of the defendant, then a stumpage value of $5 per thousand should be recovered.

It is to be noted that there is no demand for the value of the timber in a manufactured state, which is the measure of damages for trespass of this kind done in bad faith.

The defense is a denial of the plaintiffs' petition in toto and consequently a denial of the plaintiffs' ownership as alleged, of the trespass charged and of any liability.

When the case was opened for trial it was discovered that plaintiffs had erroneously alleged the land to be in Township 9 instead of Township 8, S. R. 6 East. Objection was made to the introduction of evidence tending to prove that the land was located in Township 8, whereupon plaintiffs asked leave of the court to file a supplemental and amended petition. The court granted the permission and the correct township was then alleged. The defendant reserved his objection to the ruling of the court permitting the amendment and complains in this court that it was error. The ground is that the amendment changed the issue in the case after same had been joined.

Our opinion is that the issue is strictly one of trespass and the permission given to designate the correct township in which the land trespassed on is situated instead of another which was alleged in error, was not a change in the issue of the suit nor did it create a different cause of action. Code of Practice Article 419. The district judge was therefore right in permitting the amendment.

Judgment below was for plaintiffs awarding them a stumpage value of $2 per thousand. The defendant appealed and plaintiffs have answered. Whilst conceding apparently, that they did not claim the manufactured value of the timber, plaintiffs stress their allegation of bad faith again which they state appears from the defendant's failure to have claimed that he owned the timber himself and therefore he is liable for such value. However, they limit the demand in the prayer of their answer to $10 per thousand which they again set out as the log value of the timber. In their brief, their counsel state that whilst they could have demanded the manufactured value, they chose not to do so. All of this tends to create some confusion on the question of bad faith. Besides, they offered no proof whatever of the timber in a manufactured state.

From the testimony it appears not to be disputed that defendant makes no claim to have bought the timber before cutting it. He was cutting timber on an adjoining tract of land belonging to a man named Louis Harris, and ran over the line and cut on plaintiffs' property. He paid Harris for all the timber he had taken including that cut from off plaintiffs' land.

■ Defendant now contends that the plaintiffs, in the absence of possession on their part, have not shown such title to the land in themselves sufficient to support an action for trespass. His counsel cites the case of Patin v. Blaize, 19 La. 396, in which it is stated in substance that to recover against a trespasser plaintiff need not show a perfect title, if accompanied by actual possession only, his title must support prescription and be at least translative of property.

■ That is a correct statement of the proposition of law involved no doubt and was properly applied in the cited case. But here, there is such a title, not in the plaintiffs themselves it is true, but in their father from whom they inherited. In the sales by Charles Watterson and his heirs from whom their ancestor acquired, the land whilst not described as Lot No. 4, is nevertheless included in the description of the S. ½ of the S.W. ¼ of Section 32. That is the title under which they claim and is sufficient to vest them with it as the heirs of their father, especially since they hold a judgment recognizing them as such heirs and placing them in possession of the estate.

■ The defendant, whilst conceding now that he cut the timber insists that he did not do so in bad faith. Having cut it, if he was not in bad faith, he is only liable for the stumpage value as held by the district judge.

If in spite of what has been said regarding the confusion created by the demand made on the question, bad faith is to be considered as an issue in the case, we find no reason to reverse the finding of the trial judge. Plaintiffs attempted to show bad faith on the part of the defendant by the testimony of R. L. Richardson who says that when he and Mr. Round, one of the attorneys representing the plaintiffs, went to see him about paying for it, Martin told them that he had not cut any timber at all on the Amite River, meaning around the vicinity of plaintiffs' land. Mr. Round in effect, testifies the same way but it is to be noted on cross-examination he says that Red Marshall, one of Martin's office men, told him that if they had bought anything in that vicinity they had paid for it and did not want to have to pay twice. Mr. Martin was present, he says, when that statement was made and, Mr. Round then states that the impression he had was that Mr. Martin was sincere in his belief that he had not cut the timber and that the information he had received was erroneous.

Louis Harris who sold his timber to Martin and who also received payment for the timber taken off plaintiffs' land, but who evidently did not know where the line separating the two properties was, although stating that Martin's men did not stop at the line he showed them, admits on cross-examination that what timber was cut was what he had pointed out to them and that he was paid for it all.

The defendant testifies that he personally knew nothing of the matter. He states that Mr. Round is mistaken in saying that his conversation with him related to this particular land and also in the statement that he had told him that they had never

logged on the Amite River. As a matter of fact, he states, they had logged a very large tract of land bought from the Salmen Brick and Lumber Company, for several years. He disclaims any knowledge of any trespass and says that the suit was a surprise to him as Mr. Round did not make it clear to him what land was involved in the conversation he had had with him.

On the testimony as found in the record we are unable, as already indicated, to hold that the defendant acted in bad faith.

On the question of the number of feet of timber that was cut and removed from the plaintiffs' land, we believe that we can safely accept the estimate of S. J. Lott as he seems to have made his estimate according to accepted rules and standards.

Regarding the stumpage value, it is our opinion that the trial judge, from the testimony on that question, has correctly placed it at $2 per thousand feet.

Finding no error in the judgment appealed from, the same is hereby affirmed, the defendant, appellant, to pay all costs.