## HARRIS v. MOUNT ZION BAPTIST CHURCH.

### No. 17097.

Court of Appeal of Louisiana. Orleans.

Dec. 2, 1940.

Rehearing Denied Jan. 13, 1941.

Frymire & Ramos, of New Orleans, and Charles S. Lagarde, of Luling, for appellant.

Leo W. McCune of Gretna, for appellee.

WESTERFIELD, Judge.

This is a petitory action brought by the St. Mary Benevolent Association of St. Charles Parish, a corporation organized by special act of the Legislature, Act 61 of 1873, through its receiver, Charles Harris, and against the Mount Zion Baptist Church, a corporation organized by act before J. C. Triche, an ex-officio Notary Public, on October 7th, 1899. The plaintiff's title is based upon an act of sale before Ferdinand Earhart, Deputy Recorder and Ex-Officio Notary Public, for the Parish of St. Charles, under date of April 28th, 1875, whereby the St. Mary Benevolent Association acquired from Palmer Elkins the land in question, which is situated in the town of St. Rose, in the Parish of St. Charles, and measures fifty-six feet, nine and one-half inches front

on the Mississippi River by a depth of eighty arpents. The defendant has no paper title to the property, but claims to own it by thirty years' prescription, acquirendi causa, as established by Article 3499 of the Revised Civil Code. The defendant also points to Act 19 of the Special Session of 1918 and pleads the prescription of ten years. There is also a plea of res judicata and estoppel.

There was judgment below in favor of plaintiff recognizing its title to the property with the exception of a portion of the rear, measuring about one acre front by a depth equal to the width and frontage of the property on the Mississippi River, or fifty-six feet, nine and one-half inches, which had been used by the defendant church as a graveyard. The defendant has appealed.

█ Disposing first of the plea of prescription of ten years under Act 19 of the Special Session of 1918, we find that this act in terms applies only to a "corporation heretofore organized, [which] has been dissolved either by the expiration of the time fixed in its charter for its existence, or in any manner whatsoever". Section 1. The application sought to be made of the act would be justified if there had been a dissolution of the St. Mary Benevolent Association, but that corporation has not been dissolved.

█ The plea of res judicata is based upon certain proceedings entitled John Anderson et al., members of the Mount Zion Baptist Church v. J. B. Walton and St. Mary Benevolent Association of St. Charles Parish v. John Anderson et als., Nos. 136 and 231 of the docket of the late Twenty-First Judicial District Court for the Parish of St. Charles. It is claimed that because of these suits the St. Mary Benevolent Association "lost dominion, possession, ownership and control of the property involved in these proceedings more than forty years ago". In regard to the first suit it is sufficient to say that the plaintiff was not a party thereto and, therefore, could not be bound by anything that was decided therein, and as to the second suit, though the question of title was at issue, it was held that the parties who presumed to act for the St. Mary Benevolent Association were not authorized to do so and resulted in a non-suit. Moreover, the case was decided in July, 1899, three months before the

defendant church was incorporated. It is obvious that the judgments in these proceedings cannot form the basis of a plea of res judicata.

█ The plea of estoppel which is urged for the first time in this court is based upon the alleged recognition of the Mount Zion Baptist Church as owner of the property by certain individual members of the plaintiff corporation. This suit is brought by the corporation, acting through its receiver, and, therefore, quite a different legal entity from the individuals composing it.

The final and most important question in the case is the prescription of thirty years, acquirendi causa.

Articles 3499 and 3500 of the Revised Civil Code provide that "the ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith" and "the possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner".

In Frost Lumber Industries, Inc. v. Bluford, 13 La.App. 686, 128 So. 711, 714, it was said:

"To support the plea of thirty-year prescription, the defendant must show with legal certainty an uninterrupted, continuous possession as owner for the time necessary to prescribe. Rev.Civ.Code, art. 3500; Clemens v. Meyer, 44 La.Ann. 390, 10 So. 797; Loeb v. Fetzer, cited supra [155 La. 659, 99 So. 520]; Howell v. Metropolitan Land Co., 127 La. 399, 53 So. 664. * * *

"Where adverse possession is without title, a person claiming under such possession cannot claim beyond inclosures. Ellis v. Prevost, 19 La. 251; Richard v. Poitevent & Favre Lbr. Company, 10 La.App. 608, 120 So. 235, 121 So. 357. The burden of proof to establish prescription rests on him making the plea. Chapman v. Morris Building & Land Improvement Association, 108 La. 283, 32 So. 371."

As has been stated, the plaintiff acquired the property by act of sale from Palmer Elkins in 1875. Palmer Elkins, the plaintiff's vendor, was also the first president of the St. Mary Benevolent Association and the first pastor of the Mount Zion Baptist Church, which appears to have been organized and the church constructed on the property sometime prior to 1899, when the

church was incorporated. Certain individuals built homes on various portions of the property and, it is said, that these individuals acknowledged the title of the church by the payment of rents for the use of the land. Three receipts showing the payment of $1 each by different individuals were exhibited in evidence. It is not clear what these payments covered, but be that as it may, it is evident that the individuals occupied the property by virtue of permission given to the members of the St. Mary Benevolent Association by means of a notarial act passed before John B. Martin, Clerk of Court and Ex-Officio Notary Public, for the Parish of St. Charles, dated February 10th, 1881, whereby the front part of the property nearest the river was divided into fifteen lots and the various families, members of the St. Mary Benevolent Association, were granted "the right to reside, erect buildings and make improvements for the use of themselves and their families, with the privilege to transfer the said rights to their children, until the death of said children, but no further (the grandchildren of the parties hereinabove named to be entitled to claim no rights whatsoever to the inheritance of their parents, in regard to the grant herein made)". These persons took possession of the property by virtue of the grant of authority of the St. Mary Benevolent Association and were, therefore, not beholden to the Mount Zion Baptist Church. It is immaterial whether they paid the Mount Zion Baptist Church anything for the privilege or not. It is insisted that the church had been in uninterrupted and unequivocal possession of the entire tract from the date of its organization in 1899 until October 22nd, 1934, or more than thirty years when this suit was filed. It appears, however, that in July, 1924, the church was destroyed by fire and has not been rebuilt, though the defendant claims that the property has remained under fence continuously during the entire prescriptive period. On the other hand, plaintiff contends that the fence surrounding the church was also destroyed by fire in 1924 and was not rebuilt until 1932 and the evidence preponderates in favor of plaintiff's contention.

While it appears from the evidence that the Church sold lots in the cemetery from time to time, it did not attempt to sell any other part of the property until October, 1925, when it entered into an agreement with one Jessie Smith, to sell a part of the land and Smith deposited with the church $128, to apply on the purchase price. When officers of the church appeared before Irby T. Baudouin, the Clerk of Court of St. Charles Parish, they were informed by him that the church had no title to the property which belonged to the St. Mary Benevolent Association, whereupon the church returned the deposit to Jessie Smith. On June 9th, 1927, Ford, Bacon and Davis, Inc., obtained a right of way over the property for the construction of a natural gas line. The right of way, however, was granted by the St. Mary Benevolent Association and signed in their behalf by the Rev. Berry Bell, who happened to be, at the time, the pastor of the Mount Zion Baptist Church. Again, in June, 1930, the church attempted to obtain title to the property by having two of its members, Amelia Blue and John Anderson, who claimed to represent the St. Mary Benevolent Association, enter into an act of sale for the property for the alleged consideration of $250 cash. Other members of the St. Mary Benevolent Association, however, when informed of the attempted transfer of title to the property to the Mount Zion Baptist Church, objected and employed an attorney who brought a suit, alleging that the title to the property was in the St. Mary Benevolent Association and that the purported sale was illegal and the parties presuming to act for the St. Mary Benevolent Association without authority to do so. The trial judge, Honorable Robert Rivarde, in disposing of the plea of prescription of thirty years, said, in his reasons for judgment given in that case, the following:

"On the plea of prescription the evidence shows that the property in question is not inclosed except a small portion thereof used as a cemetery which measures about one acre in length by a depth equal to the width of the property which is fifty-six feet, nine and one-half inches (56' 9½").

"It is clear from the evidence that the Mount Zion Baptist Church has not had possession of the property as owner for a period exceeding thirty (30) years for the reason that the parties residing on the property were occupying same by virtue of a privilege originally granted by the St. Mary Benevolent Association and further that on June 9th, 1927, a right of way over and across said property was granted to Ford, Bacon and Davis by the St. Mary Benevolent Association and said right of way deed was signed by Berry Bell the Pastor of the Mount Zion Baptist Church.

"The evidence further shows that sometimes about October, 1925, the Mount Zion Baptist Church attempted to sell a portion of the property in question to one Jessie Smith and had collected on account of said sale the sum of One Hundred and twenty-eight and no/100 ($128.00) Dollars, and when the sale was to be passed the officers of the Mount Zion Baptist Church were informed that the Church had no title to the property and returned the money collected from Jessie Smith.

"The fact that the Mount Zion Baptist Church attempted to acquire title to the property by the purported sale from the St. Mary Benevolent Association on June 30, 1930, is also evidence of the fact that the defendant did not consider that it was the owner of the property.

"The plea of Thirty (30) years prescription cannot be maintained except as to that portion of the property used as a cemetery."

On appeal to this Court Judge Rivarde's judgment was reversed and the case dismissed as of non-suit, but upon the ground that the parties who presumed to act for the St. Mary Benevolent Association were not authorized to do so. St. Mary Benevolent Association of St. Charles Parish v. Mount Zion Baptist Church, La.App., 144 So. 291. The same evidence which is commented upon by Judge Rivarde in that decision has been introduced in the instant suit.

▮▮▮ Article 3520 of the Revised Civil Code provides that "prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title they prescribed". It is evident from the testimony which we have reviewed that, from time to time during the period that it is now said that the Mount Zion Baptist Church was in uninterrupted possession of the property, that the title was recognized as being in the St. Mary Benevolent Association. The plea of prescription of thirty years must be overruled as to the front portion of the property. The rear part, used as a cemetery, has been decreed to be the property of defendant by the judgment below. Since there has been no appeal by the plaintiff this part of the judgment cannot be disturbed.

In view of the provisions of Act 30 of 1940, requiring appellate courts to give a detailed description of the property, it is ordered, adjudged and decreed that the judgment appealed from be affirmed and that, accordingly, there be judgment in favor of the plaintiff, Charles Harris, receiver St. Mary Benevolent Association of St. Charles Parish, and against the defendant, Mount Zion Baptist Church, decreeing plaintiff to be the lawful owner and entitled to title of the following described property, to-wit:

"A certain lot of ground, together with all improvements thereon and appurtenances thereon and all the rights, ways, servitudes, privileges and advantages thereunto belonging or in anywise appertaining, situated in the Parish of St. Charles, this State, on the left bank of the Mississippi River and measuring fifty-six feet, nine and one-half inches (56' 9½") front on said River by eighty (80) arpents in depth and containing twenty (20) acres and bounded above by Lot No. Three (3) and below by Lot No. Five (5) on the hereinafter mentioned plan. Said presently described Lot forming a part of a certain tract of land measuring three (3) arpents front on said river by eighty (80) arpents in depth between parallel lines, bounded on the upper side by the property of the Widow L. Sarpy and on the lower side by the plantation formerly of Felix Grima, and the said lot is designated by the No. Four (4) on a plan of said lot drawn by W. W. Edward, Surveyer, dated January 18, 1873, and on file in the Sheriff's Office of the Parish of St. Charles, in this State.

"Except: That portion of the property used as cemetery measuring about One (1) acre in length by a depth of fifty-six (56') feet, nine and one-half (9½) inches."

Costs of both courts to be borne by defendant and appellant.

Affirmed.