In this action of trespass plaintiff, H.P. Gatlin, alleged that the defendant corporation, through its agents, went upon his land located in Natchitoches Parish, Louisiana, and cut and removed therefrom certain standing timber; and thereafter converted such timber into lumber. For the cutting and removal he prayed an award of damages in the sum of $1,044.88. *Page 392 
Defendant, for answer, denied that plaintiff was the owner of the tract of land in question, and further denied that it committed the alleged unauthorized act.
There was judgment, after trial of the merits of the case, condemning the defendant corporation to pay to plaintiff the sum of $60, and it appealed.
Plaintiff, through an answer to the appeal, is now requesting this court "to substantially increase the judgment" rendered in his favor.
The brief of appellant's counsel contains the following pertinent comment:
"It seems that in the summer of 1939, the defendant bought two tracts of timber lying a few miles west of the City of Natchitoches, one from Levy and one from Tucker, both of which tracts joined a tract of land claimed by the plaintiff. The defendant entered into a contract with Ed Cox, a logging contractor, to cut and haul the logs from the Levy and Tucker tracts. It would appear that the employees of Ed Cox got over the line of the Gatlin property and cut some timber. The defendant admits that apparently the employees of Cox did get over the line and is willing to pay for the logs that were cut. This being true it would appear that there are only three questions for the Court to determine in this case, to-wit:
"1. Is the plaintiff the owner of the property in question.
"2. The quantity of timber cut.
"3. The quality of the timber and the value."
The law is well settled, with reference to the first stated issue, that where a plaintiff sets up title to real property and seeks damages from a trespasser who does not claim ownership, it is not necessary for the plaintiff to show a perfect title in all respects. A prima facie title is good as against trespassers. Gould v. Bebee, 134 La. 123, 63 So. 848; River Rail Terminals, Inc., v. Louisiana Railroad Navigation Company, 171 La. 223,130 So. 337.
The defendant corporation does not assert ownership of the property. Plaintiff, on the other hand, pleads a valid title in himself and substantiates his allegations with documentary evidence. Thus he has established at least a prima facie title and one sufficient to permit his standing in judgment in this action.
The trial judge concluded that approximately 20,000 feet of timber had been cut and removed from plaintiff's land. With this conclusion we agree, for a preponderance of the evidence seems to sustain it. Incidentally, that calculation was made by one A.M. Friend, a log scaler of many years' experience, who was requested to furnish it by plaintiff and who was offered as a witness in the trial of the case by each of the litigants.
Practically all of the timber taken from the land by defendant, so the record shows, was what is known as coarse grain old field pine. There is little market for this kind, the reason being that a very poor grade of lumber is made therefrom. Its value as standing timber ranges from $2 to $4 per thousand feet, according to the estimates of the several witnesses; and a slightly higher price is obtained for the lumber manufactured from it.
In arriving at the amount of damages to be awarded in a case of this nature, it is necessary to determine whether the act of cutting and removing was in good or bad faith. If in bad faith, the measure of damages for the timber is the manufactured price of lumber less the cost of manufacturing. Leopold v. Bradford-Hutchinson Lumber Company, 172 La. 110, 133 So. 379. The stumpage value is the measure of damages where the offender was not in bad faith. Frost Lumber Industries, Inc., v. Bluford, 13 La.App. 686, 128 So. 711; Richardson v. Martin, La.App., 191 So. 160.
The judgment allowed this plaintiff was for the stumpage value, or $3 per thousand feet. This impliedly shows that the district judge found no bad faith on the part of defendant. We are unable to say that he erred in that holding. The removal of the timber was performed by a logging contractor who cut and hauled for defendant at a fixed price per thousand feet. He had been instructed to log only defendant's timber standing on the Levy and Tucker tracts; and it does not appear from the record that defendant possessed knowledge of his operations on plaintiff's property until after the trespass had been committed.
As we find no error in the judgment appealed from, it is affirmed. Appellant shall pay the costs of this appeal. *Page 393