SAMUEL, Judge
(concurring).
I agree with the conclusion reached by-the majority. This concurrence, is written for the purpose of pointing out what to me are important considerations.
That appellant may have been a negligent tax debtor, as suggested in the trial court reasons adopted in the majority opinion, is immaterial. Even if he had actual but informal knowledge that the taxes were delinquent and the property was about to be sold, such knowledge would not supply the place of the notice required by law. Recker v. Dupuy, 161 La. 392, 198 So. 782.
I cannot agree with that part of the trial court’s reasons which states: “It must be assumed that the person receipting for the notice did not destroy it or throw it away, but handed it to petitioner’s sister, * * That person appeared as a witness and testified as follows: She was an acquaintance of appellant’s sister who managed his place of business and a customer in that place of business when the postman arrived with the registered mail in question; although doubtful about her authority to do so, when assured by the postman it would be all right, she did receive and receipt for the registered mail; at that time appellant’s sister was not present and the witness placed the letter at the back of the bar; she had no knowledge of what later happened to the letter. As there is no contradiction whatsoever of this testimony, the record does not warrant the assumption that the witness handed the mail to appellant’s sister.
The purpose of the requirement that the notice, if mailed, be sent by registered mail is defeated when such mail is re *78 ceived by a stranger or by a mere acquaintance. And the undisputed fact that the registered mail containing the notice of delinquency was received and receipted for by a customer and acquaintance who happened to be in the tax debtor’s place of business casts serious doubt on whether the notice actually was received by the tax debtor. However, once the taxing authority has met its obligation by properly placing the notice in the mails, it is incumbent upon the tax debtor to prove he has not received the notice.
If, as appellant contends they did (and his entire case is founded on this contention), he and his sister had denied receiving the notice, I would be of the opinion that appellant would be entitled to a judgment in his favor. But both of those persons testified. And a careful examination of their testimony discloses that neither testified he or she did not receive the notice. In view of this failure to deny receipt, I cannot say the trial court’s conclusion, that the notice was received by the tax debtor, is incorrect.
I respectfully concur.