HALL, Judge.
This is a petitory action in which plaintiffs, Leroy G. Rhoads and Roy E. Rhoads, seek a judgment decreeing them to be owners of Government Lot 4 in Section 5, Township 20 North, Range 16 West, Caddo Parish, Louisiana, which they acquired from Mrs. Katie Branton Buckley by cash deed dated June 18, 1973, and ordering defendant, L. D. Lang, to surrender possession of a portion thereof possessed by him. Defendant answered plaintiffs’ petition alleging he acquired ownership of the south 2.38 acres of Lot 4 through actual physical possession as owner for more than thirty years. Judgment on the merits was rendered in favor of plaintiffs, ordering defendant to surrender possession of the property to plaintiffs. Defendant appealed.
At the trial plaintiffs introduced evidence of their record title which is not disputed. The only question to be resolved is whether defendant acquired ownership of the south 2.38 acres of Lot 4 through acquisitive prescription of thirty years.
The requirements for the acquisition of ownership of immovable property by thirty years prescription are set forth in the following articles of the Louisiana Civil Code:
“Art. 3499. The ownership of immov-ables is prescribed for by thirty years without any need of title or possession in good faith.”
“Art. 3500. The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner.”
“Art. 3501. The possession necessary for this species of prescription, when it has commenced by the corporal possession of the thing, may, if it has not been interrupted, be preserved by external and public signs, announcing the possessor’s intention to preserve the possession of the thing, as the keeping up of roads and levees, the payment of taxes, and other similar acts.”
“Art. 3502. A man may even retain the civil possession of an estate, sufficient to prescribe, so long as there remain on it any vestiges of works erected by him, as, for example, the ruins of a house.”
“Art. 3503. How favorable soever prescription may be, it shall be restricted within just limits. Thus, in the prescription of thirty years, which is acquired without title, it extends only to that which has been actually possessed by the person pleading it.”
Government Lot 4 is a 14.1 acre tract of land bounded on the south by the contour line of Caddo Lake or Jeems Bayou. There is land lying between the contour line and the actual waters’ edge, owned by the State or the Levee Board. The area is known as Bonham’s Landing.
On November 16, 1942, Mrs. Maxine Dial executed a bill of sale by which she conveyed to L. D. Lang a three-room house, one cabin, eight boats and other miscellaneous items located on Leveee Board property. The bill of sale did not purport to convey title to any land. Under arrangements with Lang, the house was occupied at that time by Viola Dentist and her husband. In 1943, the Dentists moved out and O. V. Howard, under arrangements with Lang, moved into the house. *259 Howard stayed there until the latter part of 1944. Dentist and Howard fished and looked after the place for Lang while they were there. From 1944 to May, 1946, no one lived in the house, which during that period was damaged by high water and was rebuilt by Lang at a location somewhat north of its original location, but still south of the contour line. Lang and his family moved into the house in May, 1946, and have lived there continuously since that time. He operates a boat landing.
The factual issue to be resolved is' the nature and extent of Lang’s possession of the south 2.38 acres of Government Lot 4, lying north of the contour line and north of the Levee Board property over which he exercised possession, initially through others and then for himself, continuously from 1942 to the present time.
The evidence shows there are oil wells in the vicinity of this property and that some time prior to 1942, the operators of the wells cleared a portion of the Levee Board property and a portion of Government Lot 4, using a portion of the property for a warehouse and storing and maintaining equipment and the like. The line drawn by defendant’s surveyor as the north line of the 2.38 acre tract claimed by defendant is roughly along the tree line constituting the north line of the cleared area, but the claimed boundary is not fenced or otherwise marked.
At the time of trial, there were numerous manifestations of current use and possession of the cleared portion of Government Lot 4 and some vestiges of use and possession over a considerable period of years. Scattered over the cleared area are several junked automobiles, an old camphouse, a water well, trailers, an old chicken house, a small fenced cemetery, an old boat shop, a minnow pond, an old garden and fence, picnic tables, and some other dilapidated structures. The evidence supports defendant’s possession of the cleared area within reasonably ascertainable limits during recent years. The problem in analyzing the evidence is the proof relative to defendant’s use and possession during the early years of his alleged possession. To be successful in his plea of acquisitive prescription, defendant has the burden of proving possession of the part of Government Lot 4 in dispute from at least October, 1943, thirty years prior to the filing of this suit.
The testimony of the witnesses establishes there was a fenced garden on the property in 1942, and that Lang added to and repaired the fence in later years. The testimony does not, however, establish any use or possession of the garden area by Lang or those occupying the house during the early years after acquisition of the house by him.
The old boat shop, according to Lang’s testimony, was not constructed by him until three or four years after he moved into the house, although there may have been an old shed there earlier. The old house or cabin was probably there in 1942, but there is no evidence of use or possession thereof at that time by Lang. The testimony in the record relative to the other improvements such as the water well, pigpen, chicken house, and the like, indicates they were constructed after Lang moved into the house in 1946.
Although defendant proved his possession of the house on Levee Board property for more than thirty years and although defendant made out a strong case of possession of some part of the south portion of Government Lot 4 for a period of many years, we conclude as did the trial court, he failed to bear his burden of proving continuous, uninterrupted, public and unequivocal possession as owner of the portion of Government Lot 4 in dispute for the full thirty years prior to October, 1973. As the trial court succinctly stated:
“The proof of possession of this adjoining property in such a fashion as to give notice to others of the extent thereof in the early years of his claimed pos *260 session, from November 16, 1942,- to the year 1946, is especially lacking.”
For the reasons assigned, the judgment of the district court is affirmed at appellant’s cost.
Affirmed.