344 So.2d 717 (1977)
Bobby BRADFORD et al., Plaintiffs-Appellants,
v.
Lee R. THOMAS, Jr., et al., Defendants-Appellees.
No. 13177.
Court of Appeal of Louisiana, Second Circuit.
March 21, 1977.
Rehearing Denied April 25, 1977.
Writ Refused June 10, 1977.
*718 Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for plaintiffs-appellants.
Teekell & Chaudoir by Richard E. Chaudoir, Provosty & Sadler by David P. Spence, Alexandria, for defendants-appellees.
Before PRICE, HALL and JONES, JJ.
En Banc. Rehearing Denied April 25, 1977.
JONES, Judge.
Plaintiffs, the children of Elmer Bradford, Sr., appeal from a trial court judgment rejecting their claim of ownership to the West One-Half (W ½) of the Northwest One-Fourth (NW ¼) of Section 35, Township 14 North, Range 5 West, Bienville Parish, Louisiana, based on acquisitive prescription of 30 years or, alternatively, based on acquisitive prescription of ten years. Defendants are the record owners of the disputed acreage. We affirm.
Plaintiffs established their parents, Elmer Bradford, Sr. and Beulah Bradford, resided on a portion of the disputed acreage from 1933 until the family left for California in 1952. Plaintiffs offered testimony that their parents constructed a dwelling and out-buildings on the land, and had once fenced the entirety of the disputed land. Plaintiffs also offered testimony that their relatives occupied a dwelling on the disputed acreage after plaintiffs' departure in 1952. However, plaintiffs fail to establish the period of time these relatives were in possession of the land, or that these relatives were possessing for plaintiffs, or at plaintiffs' sufferance. Neither these relatives, nor their heirs, are parties to this lawsuit, nor did any of them testify at trial.
There is no evidence that any of plaintiffs have lived on the land in dispute since they left in 1952. The only "act of possession" plaintiffs can claim after 1952 is the purchase of the disputed land by their father, Elmer Bradford, Sr., from their grandfather, Cornelius Bradford, and recordation of the deed in 1956. There is no evidence that Cornelius Bradford possessed any ownership rights to the land. Neither plaintiffs nor their father have ever paid any taxes on the land in dispute.
Defendants established the land at issue was adjudicated to the State of Louisiana in 1921 for nonpayment of taxes in 1920, and was redeemed by their ancestor in title, Lee R. Thomas, Sr., in 1938. The taxes on the property have been paid by them since that time. Defendants introduced testimony by a forester employed by them to manage their land. He stated only some 15-18 acres of the disputed tract was fenced when he visited the land in 1950 and there was no evidence of any other fencing. He also testified to extensive timber cutting operations on the land in 1962, some 29 years after plaintiffs' parents' initial possession of the land, and only 24 years after title to the property was redeemed from the State. The forester declared all merchantable timber was cut from the land in 1962, even that within several feet of the dwelling, and there was no opposition to the cutting of timber by anyone. He stated only the dwelling was occupied in 1962. The evidence established this occupant was possibly Devoter Martin, second wife and widow of Cornelius Bradford.
The trial judge found the testimony of defendants' forester was much more reliable than that of plaintiffs' witnesses, and relied on it extensively. He held plaintiffs had not met their burden of proving their title by acquisitive prescription. We agree.
A person pleading prescription of 30 years bears the burden of proving unequivocal, *719 continuous, uninterrupted, public and adverse possession by a preponderance of the evidence. Rhoads v. Lang, 303 So.2d 257 (La.App., 2d Cir. 1974); Woodell v. Roberts, 329 So.2d 858 (La.App., 2d Cir. 1976), and every presumption is in favor of the holder of the legal title. Babin v. Montegut Insurance Agency, Inc., 271 So.2d 642 (La. App., 1st Cir. 1972). Plaintiffs have established their possession of a portion of the disputed land beginning in 1933. However, they could not begin to acquisitively prescribe against the record owner of the land until 1938 when the land was redeemed, since title was in the State of Louisiana prior to 1938 due to the 1921 tax adjudication. Ward v. South Coast Corporation, 198 La. 433, 3 So.2d 689 (1941); White v. Thomas, 85 So.2d 385 (La.App., 2d Cir. 1956).
After plaintiffs moved in 1952, their only act with regard to the land was the recordation of the sale between Cornelius Bradford and Elmer Bradford, Sr. in 1956. Once plaintiffs established physical possession of the land they are presumed to have continued in "civil possession" of the land within their enclosures. LSA-C.C. Arts. 3442-44, 3502; Hill v. Richey, 221 La. 402, 59 So.2d 434 (1952). However, this presumption of "civil possession" is lost by failure to exercise actual possession for ten years. LSA-C.C. Art. 3444, Frost Lumber Industries v. Bluford, 13 La.App. 686, 128 So. 711 (2d Cir. 1930); Albert Hanson Lumber Company v. Riggs Cypress Company, 130 La. 772, 58 So. 567 (1911).
Defendants showed the physical inspection of the disputed land, even though minimal, by their forester in 1950 and that they had paid all taxes on the land since 1938. Defendants presented undisputed testimony which establishes the 80 acre tract was subject to the extensive timber operations in 1962 and all merchantable timber was removed from the land, including that adjacent to the dwelling along with any that existed within plaintiffs' old enclosures. Considering this was principally timber land, this action by defendants in exercise of their possession over the disputed land within the limits of their title, when coupled with plaintiffs' ten year absence from the land, dispossessed plaintiffs from any vestiges of possession they had retained after their departure in 1952. LSA-C.C. Art. 3449. See Succession of Kemp v. Robertson, 316 So.2d 919 (La.App., 1st Cir. 1975), A. M. Edwards Company v. Dunnington, 58 So.2d 225 (La.App., 1st Cir. 1952).
Plaintiffs also claim to have acquired the land at issue by prescription of ten years. C.C. Arts. 3478, 3479. Plaintiffs' title is by inheritance from their father, Elmer Bradford, Sr., who acquired his title by written act from his father, Cornelius Bradford, in 1956. Plaintiffs have not shown they possessed the land for ten years subsequent to the acquisition of title in 1956. As noted above, there is no evidence of corporeal possession by plaintiffs after 1952. In fact, there is the undisputed evidence of extensive timber cutting operations on the land at the direction of defendants in 1962, only six years after Elmer Bradford's acquisition of the land by title from his father.
For the foregoing reasons, the judgment of the trial court is affirmed, appellants to pay all costs of this appeal.