## No. 13,975.

## MRS. ESTHER CHAPMAN, WIFE OF WILLIAM CARTER, vs. MORRIS BUILDING AND LAND IMPROVEMENT ASSOCIATION, LIMITED.

### SYLLABUS.

1. The burden of proof to establish the facts necessary to support prescription rests on him who makes the plea; but where the facts are difficult of proof, and lie no more within the knowledge of one of the parties than of

the other, as, for instance, the time when a heavy building in New Orleans ceased to sink, the burden will be discharged by making out a *prima facie* case as, in the instance supposed, by proving the time within which such buildings cease to sink as a rule. The burden then shifts to the opposite party to overcome the *prima facie* case, and rebut the presumption of prescription.

APPEAL from the Civil District Court, Parish of Orleans— *Théard, J.*

*Branch K. Miller* and *Purnell M. Milner,* for Plaintiff, Appellee.

*Robert G. Dugué,* for Defendant, Appellant.

The opinion of the court was delivered by PROVOSTY, J.

On the application for rehearing by MONROE, J.

PROVOSTY, J. The plaintiff, alleging herself to be the owner in her separate and paraphernal right of the building on Camp street in this city adjoining the Morris building at the corner of Camp and Canal streets, and to have said paraphernal property under her exclusive separate administration, brings this suit to recover damages from defendant, the owner of the said Morris building, for injury caused to her said building by the said Morris building. The wall between the two buildings is a party wall constructed as part of the Morris building, and the contention is that this party wall in settling has dragged down plaintiff's building, causing walls to crack, plaster to crack and fall, floors to dip, and other injuries.

The answer is a general denial and a plea of prescription.

Defendant contends that the damages in question, if they ever occurred, fell into the community of acquets and gains presumed to exist between plaintiff and her husband, and that as no separation of property is shown, and as the allegation of the property being under the separate administration of the wife is disproved by the evidence, the husband alone was qualified to bring suit.

This defense cannot avail defendant, it being a special defense and not having been specially pleaded. Hennen Dig., p. 1152. Had it been pleaded, *non constat,* that plaintiff would not have shown that her husband was acting merely as her agent. 33 Ann. 160. The plaintiff was

not challenged to the proof of her separate administration; what evidence there is in the record going to show acts of administration by the husband went in only incidentally.

The defense of prescription is much more serious.

The Morris building was completed in September, 1889, and this suit was filed in May, 1898, and the prescription applicable to the action is one year. Conceding for the purposes of the case that the time when the building ceased sinking must be taken as the initial point of the prescriptive period, and that the burden to establish that time was on defendant, we think it has discharged the burden, and that the plea must be maintained. The proof is that, as a rule, heavy buildings like this Morris building, do not continue to sink longer than two years; and the proof is, further, that the Morris building was constructed according to the methods most approved at the time of its construction, with less regard to expense than to the excellence, and that it is more likely, therefore, to have conformed to the rule than to have made an exception to it. Moreover, the testimony of the two architects who constructed the building goes far towards establishing affirmatively that it did in point of fact cease sinking within the two years. After this rule had been established the burden shifted to the plaintiff to show that the Morris building had proved an exception to the rule. Powers vs. Foucher, 12 M. 70; Knox vs. Haslett, 12 M. 255; Hubnall vs. Watt, 11 Ann. 57; Bailey, Onus Probandi, 1 and 5; Stephen's Dig. of Law of Evidence, Arts. 95 and 96; Black's Law Dict., Burden of Proof.

It is therefore ordered, adjudged and decreed that the judgment appealed from be set aside and that the plaintiff's suit be dismissed at her cost in both courts.

## ON APPLICATION FOR REHEARING.

MONROE, J. In the application for rehearing, the attention of the court is called to the fact that the plea of prescription was not filed until after the plaintiff had finished offering evidence in rebuttal and the case had been closed. It is evident, therefore, that the defendant's counsel had the advantage of introducing evidence with reference to the plea which they intended to file, and of which the counsel for the plaintiff were ignorant; and as there was judgment for plaintiff and no new trial asked for, she cannot be said to have had a hearing on the facts upon which the prescription is based. Under these circumstances, we

are of opinion that the interests of justice will be best subserved by remanding, instead of dismissing, the suit, in order that further testimony may be heard upon the question whether the defendants' building had ceased to settle more than one year prior to the assertion by the plaintiff of her claim for damages.

It is therefore ordered, adjudged and decreed that the decree heretofore entered be set aside; and that there now be judgment reversing the judgment appealed from and remanding this cause for the taking of further testimony upon the question referred to in this opinion, the costs of the appeal to be paid by the appellee and those of the lower court to await the final judgment.

Rehearing refused.