November 5, 1906.

———————o———————

No. 4028.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF ALICE SCHMITT.

1. The right to proceed by rule, or on motion, implies the pendency of a suit between the parties, and is confined to incidental matters which may arise in the progress of the contestation, except in certain cases, where a summary proceeding is expressly allowed by law.
2. The right to summary proceedings cannot be extended beyond the cases authorized by law.

Appeal from Civil District Court, Division D.

W. S. Benedict for defendant in rule and appellant.

A. J. Villere & F. E. Rainold attorneys for administrator.

MOORE, J. Alice Schmitt died on the 30th September 1905, leaving as her sole heirs a brother and two sisters and a nephew, all majors. The nephew, conjointly with the Hibernia Bank and Trust Company, applied for appointment as joint administrators of the Succession. This application was

opposed by Eliza Schmitt, one of the sisters of the deceased, on the ground that no administration was necessary as the deceased had left no debts. Pending the contest thus provoked the heirs entered into a "compromise and settlement of the pending controversy" by which it was stipulated that Eliza Schmitt and the Hibernia Bank and Trust Company should be appointed joint administrators of the Succession ; that all the real estate which belonged to the late Alice Schmitt should be sold "under this stipulation and agreement and such judicial proceedings shall be taken as may be necessary to effect such sale and carry this stipulation into effect." Thereupon the Bank and Eliza Schmitt were appointed and qualified as the Succession representatives, although there was no legal necessity therefor as there were no debts nor minor heirs. Thereafter, and within a few days after the execution of the "compromise and settlement", the Succession representatives and the heirs petitioned the Court for a sale of the property in order to carry out their agreement and to effect a partition among themselves. The terms of sale were to be one third or more cash and the balance in one, two and three years. The Court having made order accordingly, the properties were offered for sale on the 22nd March, 1906. Among the properties sold there were certain lots which, it appears, a third person, one W. W. Duncan was in possession of, and who asserted the right to retain possession until the 15th of October, 1907, under an alleged recorded lease.

This fact coming to the knowledge of the adjudicatee subsequent to the sale, but before the execution of the notarial act, he declined to take the property, whereupon the Succession representatives and the heirs of Alice Schmitt sued out in the Succession proceedings, a rule on W. W. Duncan in the following words :

Succession of Alice Schmitt, Civil District Court, No. 77894 Division D.

On motion of A. J Villere and F. E. Rainold attorneys for the Hibernia Bank and Trust Company and Eliza Schmitt the duly appointed and qualified administrators herein, and of Ernest Schmitt, Eliza Schmitt, Mrs. Evelina Broadwell and Ernest F. Schmitt; and on suggesting to the Court that, in pursuance of the order of this Honorable Court, rendered on February 15th, 1906, all the property belonging, in whole or

in part, to this succession, was sold by William A. Kernaghan, auctioneer, and, among other property, the following real estate situated in the square bounded by Clinton (now Cherokee), Hilary, McCarty and Commercial Streets, to wit :

"1.   One story frame building, No. 300 Cherokee street, on Lot No. 1 of said square, according to a plan made by D. E. Seghers & Sons, surveyors.

"2   One double cottage, known as Nos.' 304-306 Cherokee street, situated on lot No. 2.

"3.   Lots Nos. 3 and 4 of said square.

"4.   House No. 320 Cherokee street, on lot No. 5.

"5.   Three lots, known as Nos. 6, 7 and 8 of said square.

"6.   Double one story frame cottage, known as Nos. 326 328 Cherokee street, situated on lot No. 9.

"7.   Lot No. 10.

"8.   Lot No. 11.

"9.   Lots Nos. 12 and 13.

"10.   Lots Nos 14, 15 and 16.

"11.   Lots Nos. 17 and 18.

"12.   Lots Nos. 19 and 20.

"13.   Lot No. 21.

"And further suggesting to the Court that since said sales were made at public auction, and before the authentic notarial act could be passed, one W. W. Duncan notified two or more of the adjudicatees that the entire square is occupied by him, and forms part of the ground under lease to him, expiring October 15, 1907, and recorded in Conveyance Office Book No. 207, folio 381, and that he is entitled to retain possession thereof until said date; and on also suggesting to the Court that the said W. W. Duncan has caused to be inscribed in the Conveyance Office Book No. 207, folio 381, what purports to be an agreement to lease to James Mullally Jr., No. 320 Cherokee street, and what purports to be a transfer of the dwelling lease of James Mullally Jr. to W. W. Duncan, the validity and legal effect of which inscriptions are not admitted, but denied; and on further suggesting to the Court that, in no event, could said inscriptions be binding, or have any force and effect, as against the adjudicatees of the other lots of said square, other than the house known as No. 320 Cherokee street; and on further suggesting to the Court that, in order to carry out the orders of this Court, ordering a sale of said property upon

the terms and conditions set forth in the petition for sale, it is necessary and proper that the adjudicatees should be placed in possession, and that the said W. W. Duncan should be compelled to cease his interference with the orders of this Honorable Court, and should be compelled to yield possession of the said property to the adjudicatees.

"It is, therefore, ordered that the said W. W. Duncan do show cause, on Friday, April 6th, at 11 A. M., why he should not be restrained and prevented from further interfering with the orders of this Honorable Court and the sales made thereunder, and the placing of the adjudicatees of the property, hereinbefore described, in actual possession."

To this form of procedure against him, Duncan excepted and with reservation of his exception "that a proceeding by rule cannot be had; that he is entitled to defend under petition and citation by direct action," answered by a general denial except that "he admits as true that he is the transferee of a lease of the premises described in plaintiff's rule which had been made to James Mullally Jr., and which is of record in the Conveyance office of this parish as avered in said rule and that it is true that he gave notice thereof to the adjudicatees of said property at the sale thereof at public auction, to the end that they might be advised of his rights in the premises, and he avers that he is in no manner indebted for any rent of said premises, all that was due and owing having been paid, and that he is entitled to the peaceful possession of said premises under said recorded lease until the 15th October, 1907."

There was judgment in favor of the movers making the said rule absolute, and decreeing that, "accordingly W. W. Duncan be and he is hereby restrained and prevented from further interfering with the orders of Court and the sales made thereunder and the placing in possession of the. adjudicatees of the property described" in the rule.

From that judgment Duncan appeals

Pretermitting the question whether the sale of the properties under the peculiar facts stated may not be regarded rather a conventional than as a judicial sale, though having the form of the latter, it is clear that in no event can Duncan's asserted right to the possession of the property under his recorded lease be assailed by the summary proceeding by rule, sued out in no suit in which he is a party and where it is not

13

pretended that there is any law expressly allowing the pro-ceedings taken herein.

The rule admits that Duncan is in possession of the property and that he claims the right to retain that possession until the 15th October, 1907, under what he claims to be an act of lease admitted to be duly inscribed in the proper conveyance office. It may be that Duncan's lease may not be able to stand the test of judicial inquiry and that his right, therefore, to remain in the property may be adjudged against him; but this inquiry cannot, without his consent, be determined in a rule to show cause sued out in a succession in which he is no party and has no concern whatsoever.

As said in Succession of Jannson 108 La. 279, 282:

"The right to proceed by rule, or on motion, implies the pendency of a suit between the parties, and is confined to incidental matters which may arise in the progress of the contestation, except in certain cases, where a summary proceeding is expressly allowed by law"

Citing in support thereof Thomas, Administrator vs. Bourgeat, Executor 6 R. 437; Copley vs. Corine 3 A. 206; Baker vs. Doane Ib. 434; Nolan vs. Taylor 12 A. 202; Sharp vs. Bright 14 A. 390, C. P. 98, 170, 754.

"The right to summary proceedings cannot be extended beyond the cases authorized by law" 108 La. 283; 3 An. 434; 12 A. 182, 799.

"A rule by the Administrator is not the proper remedy to recover property in possession of third persons" 18 A. 512, 8 A 11. 5 A. 748, 6 A. 181.

"The right to initiate an original judicial proceeding by a rule to show cause must be derived from express statutory authority" 32 A. 704-707.

Being of opinion that the proceeding by rule is unauthorized, exceptor's objection to the form of proceeding must be sustained.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby avoided, reversed and set aside and that the exception filed to the rule herein sued out be and the same is hereby sustained and the rule dismissed. Plaintiffs in rule to pay the costs of both Courts.