(55 South. 688.)

No. 18,327.

GERROLD v. BARNHART et al.

(May 8, 1911. Rehearing Denied June 17, 1911.)

*(Syllabus by the Court.)*

1. ADVERSE POSSESSION (§ 40*) — POSSESSOR WITHOUT TITLE—PRESCRIPTION.

A possessor without title does not prescribe in 10 years. Civ. Code, art. 3478.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 148–183; Dec. Dig. § 40.*]

2. ADVERSE POSSESSION (§ 13*)—PRESCRIPTION OF THIRTY YEARS.

There must be continuous, uninterrupted, public, and unequivocal possession for 30 years to acquire ownership of immovables without title or good faith. Civ. Code, art. 3500.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 65–76; Dec. Dig. § 13.*]

Appeal from First Judicial District Court, Parish of Caddo; A. J. Murff, Judge.

Action by John C. Gerrold against William E. Barnhart and others. Judgment for plaintiff, and defendants appeal. Amended and affirmed.

Alexander & Wilkinson, for appellants. Davis, Webb & Browne, for appellee.

SOMMERVILLE, J. Plaintiff, as the heir of his brother and of his grandfather, Samuel Gerrold, claims the ownership of one-fifth of certain land in the parish of Caddo, now in the possession of defendants.

The claim of plaintiff is resisted by pleas of prescription of 5, 10, and 30 years. Defendants implead their vendors as warrantors of their titles, and ask for reimbursement of taxes paid by them, in the event of their eviction.

There was judgment in favor of plaintiff and against defendants, and in favor of defendants over and against their warrantors, from which judgment appeals have been taken.

[1] The case presents questions of fact only. The trial judge finds that plaintiff and his minor brother are the owners by inheritance of one-fifth of the land, and that they never parted with their title thereto, and that defendants never held title to plaintiff's interest in the land. He further finds that the plea of prescription of 10 years has no application.

The purchaser of the property from the coheirs of plaintiff knew that plaintiff was a minor and that he was the heir of his grandfather, from whom he and his coheirs inherited the land. He was therefore not a bona fide possessor, and could not have acquired by prescription of 10 years. Schwenck v. Schwenck, 52 La. Ann. 243, 26 South. 859; Leury v. Mayer, 122 La. Ann. 490, 47 South. 839.

[2] The trial judge further finds that defendants and their authors have failed to show actual possession of the land for 30 years, and that the prescription of 30 years has no application.

The Code (article 3500) requires that the person claiming under this term of prescription must show possession, continuous, uninterrupted, public, and unequivocal. Defendants fail to meet these requirements.

We have carefully examined the evidence in the record, and we agree with the trial judge in his reasons for judgment, which are set out in full in the record.

With reference to the demand of defendants against their warrantors, the judgment

will be set aside, and the case remanded for further trial. E. R. Martin was made a party defendant, and he appeared and answered; but the record is silent as to the interest he may have in the property, from whom he acquired, or how much money he paid. We cannot render judgment in his favor. Leland J. Pitts, one of the defendants, does not appear to have answered. The trial judge, in rendering judgment in favor of defendants against their warrantors, appears to have named the full selling prices, instead of one-fifth of those amounts. Plaintiff only claims one-fifth interest in the land held by defendants. As he only takes one-fifth, defendants are entitled to recover from their warrantors one-fifth of the selling price.

For these reasons, the judgment appealed from is amended, by striking therefrom those portions which give judgments in favor of defendants against their warrantors, and in favor of warrantors against other warrantors. The case is remanded for further trial between the defendants and warrantors. As thus amended, the judgment appealed from is affirmed, at appellants' cost.