For the reasons assigned, the judgment appealed from is affirmed.

(135 So. 17)

**TEXAS CO. v. THERIOT et al.**
No. 29759.

April 27, 1931.

Rehearing Denied May 25, 1931.

Clifton F. Davis, of Shreveport, for appellants R. S. Theriot and F. H. Jezzard.

A. P. Garland and Charles H. Blish, both of Shreveport, for appellee.

ROGERS, J.

This is a suit to determine the ownership of certain lands situated in section 6, township 17 north, range 14 west, Caddo parish. The court below decided in plaintiff's favor, and defendants appealed.

The lands in dispute consist of a strip, containing 18.66 acres, lying in lot No. 1 between the old traverse line and the 172-foot contour line of Cross Lake and a triangular tract, containing approximately 5 acres, forming the northwest prong of lot No. 2.

Whatever may have been defendants' original contentions, they now concede that plaintiff has a record title, originating with a patent from the United States to Ezra James Sidney Cates in 1843, to all of lots 1, 2, and 3 of section 6, aforesaid, except a strip containing about 26.08 off the south end of lots 2 and 3. And defendants now rely solely on their plea of thirty years' prescription to sustain their claim of ownership of the lands in dispute.

On March 17, 1927, Rell S. Theriot purchased from J. A. Bickham for a cash consideration of $10 a tract of land containing 39.66 acres, more or less, in section 6, township 17 north, range 14 west, Caddo parish.

On December 24, 1925, Rell S. Theriot purchased from J. A. Bickham for a cash consideration of $10 a tract of land contain-

ing 135 acres, more or less, in the same section, township, and range.

On January 24, 1925, J. A. Bickham acquired from Mrs. M. A. Osborn (formerly Mrs. M. A. Williams), for a cash consideration of $10, four contiguous tracts of land containing 298 acres, more or less, in sections 6 and 7, township 17 north, range 14 west. In this deed reference is made to a prior deed alleged to have been executed between the parties about January 1, 1899, which deed was never recorded, and has never been produced. Reference is also made therein to an affidavit signed jointly by Mrs. M. A. Osborne and J. A. Bickham on April 19, 1922, filed for record on May 19, 1922, setting forth the alleged prior sale by Mrs. Osborne to Bickham. In this affidavit the date of the alleged sale is stated to be on or about January, 1900, and the property is described as 200 acres, more or less, in sections 6 and 7, township 17 north, range 14 west.

On May 31, 1923, Rell S. Theriot acquired by purchase from George L. Woodward a tract of land, containing 40 acres, more or less, in sections 5 and 6, same township and range. This sale was made for a cash consideration of $50.

Defendants contend that the property in dispute is included in the lands covered by the deeds hereinabove referred to, although the description in none of the deeds shows that the lands had ever been surveyed.

Mrs. M. A. Osborne never had any record title to the lands she purported to transfer to J. A. Bickham. She was nothing more than a squatter on certain lands which she herself thought were public lands.

George L. Woodward, who executed the deed of May 31, 1923, to defendant Theriot, was one of the ancesters in title of the plain-

tiff. At the time of the execution of the deed to Theriot, he disclaimed any interest in the land, and only consented to the execution of the instrument without recourse upon Theriot's insistence that he did have some rights in the property.

■■ In order to establish their prescriptive title, the burden is on the defendants to show, not only a continuous, uninterrupted, public, and unequivocable possession of thirty years as owners, Civ. Code, art. 3500, but also that they actually possessed for the full prescriptive period the particular and definite property to which they are asserting a claim of ownership. Civ. Code, art. 3503.

Defendants rely on the alleged actual physical possession for more than thirty years of the property in dispute by their authors, Mrs. M. A. Osborne and J. A. Bickham. A number of witnesses were heard on this controverted question. The judge of the district court determined the question against the defendants, and we are not prepared to say that he erred in so doing.

There seems to be no doubt that Mrs. M. A. Osborne and J. A. Bickham occupied at one time some lands in the vicinity of Cross Lake, but the testimony is indefinite as to the exact location of these lands. And, certainly, the possession of these parties is not affirmatively shown to have attached to that portion of plaintiff's property which is now claimed by the defendants. None of defendants' witnesses was able to point out with any degree of exactness either orally or by reference to a map any particular piece of plaintiff's land that was ever possessed and occupied by defendants' authors in title.

For the reasons assigned, the judgment appealed from is affirmed.