## LAMOILLE COUNTY SAV. BANK & TRUST CO. v. A. MORESI CO., Limited.

### No. 2122.

Court of Appeal of Louisiana. First Circuit.

May 8, 1940.

Rene H. Himel, of Franklin, and Terriberry, Young, Rault & Carroll, of New Orleans, for appellant.

C. Arthur Provost, of New Iberia, for appellee.

LE BLANC, Judge.

This suit was originally instituted as an action in boundary against the defendant, plaintiff having for its purpose the fixing of the boundary line dividing its property from that of the defendant on the west. All necessary allegations to form the basis of a suit in boundary were made and orders prayed for.

The Court granted the necessary order but before the surveyor appointed proceeded in any manner, and before answer was filed by the defendant, a stipulation and agreement was entered into between plaintiff and the defendant in which it is stated that the appointment of a surveyor by the Court was unnecessary and that his services could be dispensed with and that a surveyor of average ability could establish the correct boundary line between the contiguous properties. The stipulation further shows, according to a sketch agreed upon and thereto annexed, that the real contest between the parties involves · a tract of land containing 9.71 acres which is within the calls of plaintiff's title deeds, and beyond that called for in the defendant's. It is further agreed, according to the said stipulation "that the sole question at issue and to be decided herein is whether or not the defendant has had possession of the property claimed by it herein sufficient in time and character under the law to maintain its claim to title to such property by the prescription of thirty years acquirendi causa."

The defendant in due time, after the said stipulation had been filed in the record, answered setting up its ownership of the said 9.71 acres of land by virtue of the prescription of ten, twenty and thirty years.

After trial of the case on the merits, there was judgment in favor of the defendant decreeing it to be the owner of the tract of land in controversy ·by virtue of its having shown possession thereof for a period of more than thirty years. From that judgment plaintiff has appealed.

. The trial judge held that by virtue of the stipulation entered into, the action had been converted from one in boundary to a petitory suit in which the defendant claimed ownership of the property under its plea of thirty years prescription with possession. In his ruling that the action had been converted we can readily agree with the trial judge but on his holding on the question of proof of possession in order to support the plea of thirty years, we find it necessary, in view of our appreciation of the testimony offered, to disagree with him.

The defendant relies on those provisions of law as embodied in Article 3499 et seq. of the Revised Civil Code, in order to support its claim of ownership of the property. Article 3499 is the one which provides that "the ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith." The following articles describe the kind and character of possession which it is necessary for the one claiming under such prescription to show. In the case of Texas Company v. Theriot et al., 172 La. 662, 135 So. 17, 18, the defendants depended upon the same plea as does the defend-

ant in this case and the Court in referring to the burden of proof which they carried stated: "In order to establish their prescriptive title, the burden is on the defendants to show, not only a continuous, uninterrupted, public, and unequivocable possession of thirty years as owners, Civ. Code, art 3500, but also that they actually possessed for the full prescriptive period the particular and definite property to which they are asserting a claim of ownership. Civ.Code, art. 3503." We call attention to the holding of the Supreme Court in that case for the reason that in the case before us reference is made by counsel for defendant to the burden that is imposed on the one who is resisting the plea of prescription to show an interruption of the possession claimed. That, evidently, is not the law as we construe it under the ruling just cited, and it is our opinion that the burden is on the one claiming possession to sustain that burden throughout and the duty is rather his to show that there has not been any interruption in the possession which he claims. As indicated in the case just cited, under Article 3500 of the Civil Code the possession on which the prescription of thirty years is founded "must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner." With these thoughts in mind as to what the law is, we come now to a consideration of the testimony that is presented in this case.

The plaintiff company is the owner of a tract of land appearing on the sketch annexed to the stipulation already referred to as the Mathilda Plantation, which is bounded on the west by the defendant's land and on the south by land appearing in the name of Bergeron or Bodin. In the southwest corner of the Mathilda Plantation, as appearing on the sketch, is a triangular shaped tract of land containing 9.70 acres which is separated from the main body of the plantation by a coulee known as Langlinais Coulee which runs diagonally across the lower portion of the Mathilda Plantation in a northwesterly and southeasterly direction. As the stipulation concedes that the tract in dispute is within the title of the plaintiff, we take it that it is a part of what was originally Mathilda Plantation. As we view the evidence this coulee which separates it from the main body of the plantation made it somewhat inaccessible to the operators of the plantation and as it adjoined the land of the de-

fendant on the west and the other tract of land to the south without any mark to indicate that it was hard to reach from either of those directions, it may well be supposed that it was cultivated by others than the owners of Mathilda Plantation.

In 1898, Antoine Moresi acquired the tract of land west of Mathilda Plantation and the testimony does indicate that he took some form of possession of the tract of land in dispute by cultivating it through a tenant named Alfred Dancy. We believe that it can properly be said that Dancy cultivated it as one of Moresi's tenants until the year 1906.

Antoine Moresi died some time before 1906 and his heirs organized what is presently the defendant company and Damas Moresi, its principal witness, in this case became the general manager. He testifies in a most general way that since 1906 his company has "operated" the tract of land. He says that they cultivated it from time to time and grazed it from time to time. One would think when he used the term "grazing it" that he meant that his company had pastured and raised cattle on the land but there isn't a word of proof that they ever did and all that can be inferred from the rest of his testimony on this point is that they only made hay from the grass that grew on it.

There are absolutely no markings of any kind which would indicate possession any more than the plow furrows which may have been of long standing. Mr. Moresi says that they drained the land with a pumping plant but admits that the plant was not put on that particular tract but was on their main body of land to the west. He speaks of ditching it but the ditches he refers to are ditches on the line to the south of it or what is known as the Bergeron tract and on the line to the west on their own property. When asked time and time again to describe what kind of possession they exercised, he seems to satisfy himself by repeating, "We had possession, we made crops and grazed it." He is not certain as to what kind of crops and cannot recall any particular year when they planted any particular crops and most serious of all, when pressed to state whether the land was cultivated by a man named Paul Bodin in the year 1911, answers: "I do not know." He repeats more than once, although claiming to have had continued possession, that he would not know if Bodin cultivated it in that year.

His testimony regarding acts of possession during the years subsequent to 1911 is very vague and indefinite and he seems to rely on his general statement that they maintained their possession "by exercising ownership, keeping other people off, grazing it."

As we have already stated we think the proof offered by the defendant does show acts of possession by its author in title, through Alfred Dancy, the tenant, who cultivated the tract of land from 1898 to 1906 and if defendant could have shown, by external and public signs, its intention to preserve that possession, such as the keeping up of roads and levees, and the payment of taxes, it would no doubt be in a stronger position before the court than the one in which it now appears. Civ.Code, Art. 3501. But it has shown no such signs and it admits that it has never been assessed for nor paid any taxes on the property.

Defendant produced a witness by the name of Guilliame Alexis who testifies concerning Dancy's cultivation of the tract and who says that a man by the name of John Vincent worked it for a while also, but that after that he never saw it being cultivated until a few years ago when the defendant started to work it again. He saw the place grow up in weeds after Dancy left and no one was working it when it was grown in weeds. The testimony of this witness produced by the defendant itself certainly creates still a more serious doubt in the mind of the Court that defendant had the continuous possession during the period it was required to show.

The defendant produced several other witnesses but their testimony either relates to the time that Dancy worked the property or otherwise it is of a most general character to the effect that the defendant cultivated the land. Certainly it is not the kind of testimony which is consistently held by the courts to be necessary in order to support the kind of possession required under the plea which is here invoked by the defendant. Gerrold v. Barnhart, 128 La. 1099, 55 So. 688; Vance v. Sentell, 178 La. 749, 152 So. 513.

Paul Bodin the party who cultivated a part of the tract of land in dispute in the year 1911, appeared as a witness on behalf of the plaintiff in rebuttal of the defendant's proof of possession. This witness testifies most positively that in that year he cultivated three or four acres of the tract of land in cane and that the rest of the tract was growing in wild weeds. What makes him so positive about the matter is that he lost the crop of cane which he was cultivating because of the severe freeze which took place.

Mathew Perez who was formerly employed as an overseer by the defendant company and is now engaged in the same capacity by J. M. Burguieres & Company was called as a witness by the plaintiff and he disputes Moresi's testimony that during the time he worked for defendant, the tract of land was at all times cultivated by it. This witness's testimony was discounted by the trial judge as he believed he was biased because he had been discharged by the defendant some seventeen years before. We can hardly conceive that a man would hold a grudge against a former employer, even if he ever had one, for that period of time. Besides that he seems not to have had any trouble in securing employment right after his discharge, and as just stated at present is engaged in the same capacity by J. M. Burguieres & Company.

Several other witnesses, including the present manager of Mathilda Plantation who has been working there for the past eight years testified that the strip of land in controversy was never worked before to his knowledge since he resides there, except by one Charlie Martin who is cultivating it as defendant's tenant, since the year 1937.

The rebuttal testimony offered by plaintiff strengthens our conviction of the defendant's failure to have supported its claim of possession by necessary and competent proof. The trial judge in our opinion, in weighing the testimony, acted more on the theory that the burden of proof was on the plaintiff to show an interruption of prescription, which, as we have pointed out is not our conception of the rule of evidence which applies in a case of this character. He refers in his opinion to the negative character of the testimony of plaintiff's witnesses as against the affirmative proof offered by the defendant. In this, we are unable to agree with him as our appreciation of the testimony as a whole is that the testimony of Mr. Damas Moresi, defendant's principal witness, is as lacking in affirmative proof as is that of any of the witnesses for the plaintiff. We find ourselves constrained to reverse the judgment, and,

It is, for the reasons herein stated, now ordered, adjudged and decreed that the

plea of prescription herein filed by the defendant be and the same is now overruled and it is further ordered that the judgment appealed from be and the same is hereby reversed, annulled and set aside and that there be judgment herein in favor of the plaintiff decreeing it to be the owner of the tract of land herein in dispute as shown on the sketch agreed upon and annexed to the stipulation filed in the record herein, and more fully described as being a tract of land, approximately triangular in shape, containing 9.71 acres, more or less, and designated as·that bounded between lines DC, CD and DB on the said sketch, and being bounded on the· east by Langlinais Coulee, and on the south by a ditch running along the line CB, and which said 9.71 acres is within the calls of the plaintiff's title deed to Sections 35 and 36 in Township 13 South, Range 8 East, situated in the First Ward, Parish of St. Mary, State of Louisiana.

It is further ordered that the defendant pay all costs of this proceeding.