138 So.2d 205 (1962)
Frank W. MATTHEWS, Plaintiff-Appellee,
v.
Manuel CARTER, Defendant-Appellant.
No. 9654.
Court of Appeal of Louisiana, Second Circuit.
January 31, 1962.
Rehearing Denied March 7, 1962.
*206 Albert E. Bryson, Shreveport, for appellant.
Colvin & Hunter, Mansfield, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
BOLIN, Judge.
This is a petitory action in which plaintiff, Frank W. Matthews, claims ownership of approximately four acres of land situated in the Northwest quarter of the Southwest quarter (NW¼ of SW ¼) of Section 17, Township 12 North, Range 13 West, De Soto Parish, Louisiana, more particularly described as follows:
Beginning at a point 151 feet North of the Southwest corner of the Northwest quarter of the Southwest quarter of Section 17, Township 12 North, Range 13 West, De Soto Parish, Louisiana, thence run South 31 degrees 15 minutes East 688 feet, then run North 312 feet, then run West 680 feet, thence run South 201 feet to the place of beginning, containing four acres, more or less.
Plaintiff alleges that defendant, Manuel Carter, a resident of the State of California, and his agents are in the actual possession of the above described property without any right, title or interest therein. Plaintiff fully narrated his own chain of title as the basis of his asserted ownership.
The defendant filed exceptions of ten and thirty years prescription acquirendi causa, as well as a plea of estoppel. The plea of estoppel and the plea of prescription were tried and overruled. Thereafter defendant answered and denied plaintiff's ownership of the property, reconvened claiming the ownership of the property, and in support of his title, re-urged the prescription acquirendi causa of thirty years according to LSA-C.C. art. 3499; and again pleaded the exception of estoppel. Upon the issues as made up the case was fixed for trial. When the case was called for trial counsel for defendant filed a peremptory exception, or an exception of no cause or right of action, which was referred to the merits.
After a trial on the merits, the exception of no cause of action was overruled and judgment was rendered in favor of plaintiff declaring him to be the owner of the property. From this judgment defendant has appealed, thus tendering for our decision the correctness of the lower court's rulings on the exceptions as well as the merits.
We will first direct our attention to the pleas of prescription of ten and thirty years acquirendi causa pursuant to LSA-C.C. arts. 3478 and 3499.
To acquire the ownership of an immovable by prescription of ten years it is necessary for the one who pleads the prescription to be in good faith and to have acquired by a just title. Therefore, since the defendant does not claim to have any kind of deed to the property, the prescription of ten years was correctly overruled.
Therefore, the defendant must of necessity rely upon acquisitive prescription of thirty years. LSA-Civil Code Article 3499 provides:

*207 "The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith."
LSA-Civil Code Article 3500 provides:
"The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner."
According to the above provision, the possession necessary to acquire title to immovables by the prescription of thirty years must meet the following requirements:
1. It must be continuous and uninterrupted.
2. It must be public and unequivocal.
3. It must be under the title of owner.
He who pleads the prescription of thirty years must prove it. Hence for the defendant to make out his case he must show by a preponderance of the evidence that all the essential elements above outlined have been met. In the case of Chapman v. Morris Building and Land Improvement Association, 108 La. 283, 32 So. 371 (1902), the court said:
"The burden of proof to establish * * * prescription rests on him who makes the plea; * * *."
We think the trial judge has correctly outlined the evidence as it relates to the plea of prescription of thirty years and has ably discussed the question in his written opinion, which we take the liberty of quoting rather extensively:
"The defendant in order to support his plea of prescription called as witnesses: Ella V. Carter Bristo, William L. Bristo, Lola V. Taylor, John Williams, Lettie Williams and Janie Meyers. The defendant himself did not appear and testify. In substance, the testimony of these witnesses are to the effect that the defendant, Manuel Carter, about the year 1925, constructed a fence along the South side of the disputed property; and that the fence has been maintained from that time until a year or so ago when the plaintiff removed a part or all of the fence and erected a new fence farther North.
"Ella V. Carter Bristo, the defendant's daughter, testified that the defendant bought eight acres of land from Judy Thomas in 1925. The acreage the defendant bought was immediately North of and adjacent to the disputed acreage. In 1925, she said the defendant built a fence along the South line of the disputed acreage and the fence has remained there until it was moved by the plaintiff a year or so ago. The defendant moved away in 1942 or 1943. Prior to that time he farmed the land part of the time and used it for pasture some of the time. She said that she and her husband have kept the fence up since her father left in 1942 or 1943, and that her father has not been back to Louisiana since he left except on visits. Her evidence is very indefinite as to whether or not the entire disputed acreage was enclosed. She said her father farmed the land some of the time and that he and she had used the land for pasture purposes; but she does not say with any particularity how much the property was farmed, or what years it was used for a pasture.
"William L. Bristo, the husband of Ella V. Carter Bristo, after marrying the defendant's daughter purchased a part of the eight acres adjoining the four and one-half acre tract. He said he has been familiar with the property since about 1933; and that the fence on the South side of the disputed tract of land had been there from about 1933, to his knowledge. He himself had helped maintain the fence since 1942 or 1943.
"Lola V. Taylor testified that the fence on the South side of the disputed property has been there since she was about sixteen years old and that she is now forty-nine years of age.
*208 "John Williams recalled that the fence on the South side of the disputed property was built some where around 1925, and that the fence that the plaintiff moved was the same fence that the defendant built in 1925, and that there was never any other fence there. He testified that Manuel Carter planted peanuts and peas on the disputed property, but that he did not work it very long. He does not say how long he worked it.
"Lettie Williams said that the fence was built about 1925. Janie Meyers testified to substantially the same facts as those stated by Lettie Williams.
"On the other hand the witnesses for the plaintiff are just as positive that the fence on the South side of the disputed property has not been in the same location continuously for as much as thirty years.
"Four witnesses, Gainsborough Richardson, Eleanor Thomas Simms, Billy Delton, and the plaintiff himself, testified for the plaintiff.
"Even if it be assumed that defendant, Manuel Carter, has enjoyed for more than thirty years the required continuous, uninterrupted, public and unequivocal possession of the disputed land, the defendant has not acquired title thereto by prescription unless his possession was under the title of owner. It is important therefore to determine whether this third requisite has been fulfilled, and if the defendant's possession was through the indulgence and with the permission of the record owner, the right of prescribing has never existed. [LSA-] Civil Code Article 3490 and 3510.
"The evidence discloses that the defendant in 1906 moved on the property, subsequently purchased by him from Judia Thomas. In 1925, the defendant purchased from Judia Thomas eight acres of property on which he resided. There is no evidence of ownership of any of the property prior to the deed in 1925. The record does not disclose what arrangement the defendant had with Judia Thomas to permit his use, either of the property subsequently purchased by him of that now claimed beyond the boundaries of his purchase. Manuel Carter has not testified, and he has not explained by what right he gained possession from Judia Thomas. In view of the undisputed fact that he had no title to any of the property prior to 1925, he could only have occupied it by the permission and sufferance of the then record owner, Judia Thomas.
"Manuel Carter began his possession in 1906 with the consent and permission of the record owner. [LSA-] Civil Code Article 3489 provides:
"`When a person's possession commenced for another, it is supposed to continue always under the same title, unless there be proof to the contrary.'
"Furthermore [LSA-] Civil Code Article 3490 provides:
"`The circumstances of having been in possession by the permission or through the indulgence of another person, gives neither legal possession nor the right of prescribing.
"`Thus, those who possess precariously, that is, having prayed the master to let them have the possession, to not deprive him thereof, but, possessing by his consent, they possess for him.'
"Ella V. Carter Bristo, daughter of defendant, testified positively that she did not know that her father had at any time before 1935, when her grandmother died, claimed any land from her grandmother except the eight acres he had purchased. There is a further proven circumstance that Manuel Carter did not have more than eight acres assessed to him and that he never paid yearly taxes on more than eight acres. Hence throughout the entire period in question the assessments of the disputed property were necessarily in the names of the respective record owners and by them the taxes were paid.
*209 "In an action involving a claim or title by adverse possession every presumption is in favor of the holder of the legal title and none is against him. Every presumption is against the claimant and none is in his favor. Proof that defendant's possession was under the title of owner is just as essential as proof that the possession was continuous, public and unequivocal. The general rule is stated in 2 C.J.S. [Adverse Possession] § 56, page 574 as follows:
"`It is generally held that mere possession, however long continued, is not adverse where the possession is without claim of right, title, or ownership, or without either claim of right or color of title, or without color or claim of title, such a possession being deemed subservient to the title of the record owner, * * *.'
"The same rule was applied by the Supreme Court in the case of Liles, et al vs. Pitts, et al., 82 So. 735, 145 La. [650] 666;
"`One must not only possess, but must possess as owner; * * *.'
"Also see:
"`The burden of proof to establish * * prescription rests on him making the plea.' Chapman v. Morris Bldg. & Land Improvement Ass'n., 108 La. 283, 32 South 371.
"`To obtain title to land by prescription of 30 years, the intention of possessing as owner as well as the possession of the land must be proven, and it is not enough to show cultivation of the land.' Clemens v. Meyer, 44 La.Ann. 390, 10 South 797; Cent. Dig.Adv.Poss.P. 69.
"`One claiming title by prescription must show uninterrupted open possession, under a claim of ownership, for 30 years.' Brewer v. Y. & M. V. R. Co., 128 La. 544, 54 South 987.
"Meridian Land & Mineral Corporation v. Bagents, 30 So.2d 563, 211 La. 627: (at page 567)
"`The circumstance of this paucity of proof on the part of the defendant is required to be noticed when it is recalled that they carry the burden of proving that their possession was under the title of owner. "The burden of proof is on him who pleads prescription of 30 years to show that possession began and continued as owner and adverse to the true owner." "Dew v. Hammett, 150 La. 1094, 91 So. 523, 525. See also Texas Company v. Theriot, 172 La. 662, 135 So. 17; Vance v. Sentell, 178 La. 749, 152 So. 513."'
"It is my opinion that the defendant, who has not testified, failed to prove that he has possessed the disputed property under the title of owner for a period of thirty years prior to the filing of this suit. Therefore, the plea of thirty years prescription is overruled."
We agree with the above conclusion of the trial judge, but in order to clarify our opinion, we deem it appropriate to definitely state our findings on the question of the necessary possession for thirty years. We think defendant has established possession of the four acres in controversy, and we do not think it matters materially whether the fence in question was temporarily down at various times; the important thing being the various acts of ownership that were exercised continuously and without interruption by the defendant for a period in excess of thirty years. However, we agree that it was not shown that such possession began or continued in the capacity of owner. To the contrary, it is undisputed that Manuel Carter began the possession of the entire 12 acres about 1906 by the sufferance and permission of his grandmother. The mere fact that she gave him a deed in 1925 to eight of the twelve acres he was already possessing by her sufferance would not in itself indicate any intention on his part to possess the excess as owner and adversely to his grandmother. In fact, in the absence of a deed, he is presumed to be possessing in some other capacity than owner. We, therefore, agree with the findings of the lower court that the defendant has failed to bear the burden of proof in showing the *210 possession began and continued as owner for the required 30 year period.
Remaining for decision is the correctness of the lower court's ruling in overruling the exception of no cause of action and rendering judgment for plaintiff on the merits. As we are in accord with the findings of the district judge, we have adopted his reasons which are:
"Able counsel for both parties to this litigation have skilfully and forcefully presented their respective views on the peremptory exception filed by defendant. The question presented to the Court by defendant's exception is whether or not plaintiff's petition contains the legal requirements of a petitory action. Code of Practice Article 43 provides:
"`The petitory action, or one by which real property, or any immovable right to such property may be subjected, is claimed, must be brought against the person who is in the actual possession of the immovable, even if the person having the possession be only the farmer or lessee.
"`But if the farmer or lessee of a real estate be sued for that cause of action, he must declare to the plaintiff the name and the residence of his lessor, who shall be made a party to the suit, if he reside in the State, or is represented therein, and who must defend it in the place of the tenant, who shall be discharged from the suit.'
"A. J. Hodges, Inc. vs. Fobbs, 39 So.2d 91, was a petitory action. Defendant filed an exception of no cause or right of action. The Court of Appeal, Second Circuit said:
"`The petition's allegations meet the indispensable requirements for a petitory action. It is affirmatively declared therein that plaintiff owns the land; that it acquired the same from A. J. Hodges, et al, on December 31, 1945, by deed recorded in Conveyance Record Book No. 91, page 504 of the official records of Sabine Parish; that defendant is in the physical possession of seventy (70) acres of the tract as a trespasser.'"
"In Young, et al vs. Anderson et al, 43 So.2d 280, the Court of Appeal, Second Circuit said:
"`Plaintiffs allege ownership of definitely described property, admit that they are out of possession, and that the Anderson woman is in the actual possession of the lot. They pray to be recognized as owners and that defendants deliver possession to them. These are indispensable prerequisites to a petitory action and allegation thereof meets legal requirements. Code of Practice, Article 43.'
"Thus it appears that the legal requirements of a petition in a petitory action are:
"1. Affirmative allegation by plaintiff of ownership of definitely described land.
"2. Allegation that plaintiff is out of possession.
"3. That another is in possession, accompanied by a prayer by plaintiff to be recognized as owner and that defendant deliver possession.
"When these tests are applied to plaintiff's petition, I find that in paragraph one plaintiff affirmatively declared the ownership of property which is therein definitely described. Paragraph two recites that plaintiff acquired and became the owner of said property by the following described warranty deeds to wit; and then recites the persons from whom he acquired said property, the dates thereof and the book and pages wherein said deeds were recorded. In paragraph nine plaintiff alleges that Manuel Carter `or his agents are in the actual physical possession of the property described in paragraph one hereof'; and in paragraph eleven plaintiff further alleges `that the said Manuel Carter is in possession of the said property described in paragraph one hereof without any title whatsoever and without any right to remain on said property and refuses to deliver possession of same to petitioner without any good or legal cause.'
*211 "The foregoing allegations in my opinion meet the legal requirements of a petitory action. Therefore, the peremptory exception, no cause or right of action, and the plea of estoppel are overruled.
"On the trial of this cause on its merits the plaintiff offered in evidence chain of title beginning with patent from the United States Government to A. Pugh covering said property to acquisition of the property by Sam Thomas and Jessie Thomas. He then offered in evidence the deed from Mary Thomas Carroll to Addison R. Simms and Elma Thomas Simms, Bertha Reed and James Reed, and Lessie Reed Ashbury to the plaintiff. The plaintiff then called Elma Thomas Simms who testified with reference to the family history of her grandfather, Jessie Thomas, and her grandmother, Judie Carter Thomas, her father, Elmo Thomas, and her mother, Daisy Jackson Thomas, and other parties interested in the title to the land herein involved. Counsel for defendant argues with much force that the testimony of this witness is not convincing because she was not sufficiently close to the family and because of motives inconsistent with a fair degree of sincerity. In support of defendant's contention, the Succession of Gray, [201 La. 121] 9 So.2d 481, is cited as a leading case in point. The evidence in that case, and particularly the evidence of Alfred Burton, with reference to the marriage of Silas Gray and Susan Wilson, was largely negative, and that he had no personal `knowledge as to whether or not Silas Gray had ever married Susan Wilson.' In the instant case Elma Thomas Simms was a direct descendant of Judia Thomas, and it is only natural that she acquainted herself with the history of the family of which she was a member. In the absence of positive contradictory evidence of the family history as testified to by Elma Thomas Simms, the Court finds the family history of Sam Thomas and Jessie Thomas to be as stated by her.
"It is true that in a petitory action, where each side is asserting separate and distinct titles to the property in controversy, the plaintiff must depend upon the strength of his own title rather than upon the weakness of the title of his adversary to prevail. But, as pointed out by plaintiff, and was held by the court in Hutton vs. Adkins, [La.App.,] 186 So. 908:
"`The rule is not so strict and the strength of plaintiff's title need not be so great when the defendant depends upon possession alone, and especially, as in the present case, possession of only a few years.'
"The same principle was stated in the case of Zeringue vs. Williams, et al, 15 La.Ann. 76, as follows:
"`Although it be true that the plaintiff in a petitory action, must succeed on the strength of his own title, and not on the weakness of his adversary's yet, when the latter has no title at all, he cannot, as a trespasser, take advantage of any defect in the former's muniments of title. In such cases, a title apparently good, is all that is required to maintain the petitory action.'
"In the more recent case of Shannon vs. Berlin, [La.App.,] 92 So.2d 284, the Court said:
`"This general rule, however, ordinarily prevailing in petitory actions requiring plaintiff to show a perfect title, has no application in an action against a mere trespasser.'

* * * * * *
"Therefore, there will be judgment in favor of plaintiff, Frank W. Matthews, and against the defendant, Manuel Carter, recognizing the plaintiff, Frank W. Matthews, as the true and lawful owner of the property described in paragraph one of his petition and as such entitled to the full and undisturbed possession thereof and ordering the defendant, Manuel Carter, to deliver possession of said property to said plaintiff."
*212 For the reasons stated, the judgment of the lower court is affirmed at appellant's cost, and Frank W. Matthews is accordingly recognized as the owner of the following described property, to wit:
Beginning at a point 151 feet North of the Southwest corner of the Northwest quarter of the Southwest quarter of Section 17, Township 12 North, Range 13 West, De Soto Parish, Louisiana, then run South 31 degrees 15 minutes East 688 feet, then run North 312 feet, thence run West 680 feet, thence run South 201 feet to the place of beginning, containing 4 acres, more or less.
Affirmed.
GLADNEY, Judge (dissenting).
The majority opinion held defendant's possession of the four acres in controversy was adequate to support his plea of thirty years prescription, excepting only that it was not shown such possession began or was continued in the capacity of owner. I disagree with this finding. The uncontradicted testimony shows defendant after receiving his deed to eight acres of land, built a fence in the year 1925, enclosing twelve acres, including the four acres in contest. In my opinion, therefore, he possessed the entire tract under fence as the owner thereof, regardless of its measure. It does not seem sacramental to me that Manuel Carter, an aged Negro approximately ninety years of age, and who at the time of the trial was residing in California, was not called as a witness to testify in his own behalf. His testimony would have been cumulative.
Another issue questions the sufficiency of the pedigree evidence presented to sustain plaintiff's petitory action. Plaintiff's title rests upon the uncorroborated testimony of Eleanor Thomas Simms, who testified that she was a granddaughter of Jessie Thomas and Judia Carter Thomas. The evidence fails to show, in my opinion, that Eleanor Thomas Simms was sufficiently qualified to give probative evidence sufficient to close the gap in plaintiff's title from Sam Thomas and Jessie Thomas, who acquired the property in 1874, to the ownership in plaintiff's vendors from whom he acquired it in 1959. In my opinion, the evidence fails to reveal sufficient familiarity and opportunity for personal knowledge concerning the matters of pedigree to which she testified. Her testimony was unsupported by other testimony or evidence. In reaching this conclusion, I recognize the rule of admissibility of the testimony of a witness as concerning their own relationship and heirship.
"* * * A proper distinction must be made between an unsworn hearsay declaration resorted to to prove an essential fact and the testimony of a witness on matters within his personal knowledge. In the former instance it is proper to require other evidence as a prerequisite whereas evidence of the latter sort rests on its own foundation. 31 C.J.S. Verbo Evidence § 226, states the rule thus:
"`Any person who is a competent witness may testify on a matter of pedigree as to a declaration which was heard by him.
"`With regard to reputation in the family, however, although there is some authority to the contrary, it is usually held that the reporting witness must be a member of the family by birth or marriage, and that such reputation cannot be proved by neighbors or other members of the community; but a witness whose knowledge of family matters was derived from intimate acquaintance with the family may testify as to facts of family history, such evidence being personal knowledge rather than mere hearsay.
"Testimony concerning one's self.
"`It has been held proper, where the evidence is otherwise competent, for one to testify to facts of family history which relate to him, such as the identity *213 of his parents, or other relations, or the place of his birth, or, as appears, in infra § 227 b, his age.' [31] C.J.S. Evidence § 226, pp. 969, 970." Id. Dazio et al. v. Wainwright, 81 So.2d 96 (2d Cir. 1955).
Accordingly, I respectfully dissent on the grounds that the defendant's plea of prescription of thirty years possession should have been sustained and defendant's exceptions of no cause or right of action should have been sustained for the reason that pedigree evidence in support of plaintiff's title was insufficient by reason of its want of probative force.